## HARRISON B. FREEMAN, ADMINISTRATOR, *vs.* GEORGE BURNHAM.

The defendant at the request of *R*, to whom he was indebted for money previously received, made two notes for the amount of the debt, payable one to the defendant's wife and the other to his daughter, and delivered them to *R*, who at once delivered them to the defendant's wife and daughter, they giving no consideration therefor. *R*'s assets at this time were insufficient to pay his debts without these notes, but more than sufficient with them. In an action brought by the administrator of *R* against the defendant, for the amount of the notes, it was held—1st. That the gift of the notes by *R* to the wife and daughter of the defendant was not good against his creditors. 2d. That judgment ought to be rendered for the plaintiff for the full amount of the notes, and that he would hold the balance, not needed for the payment of debts, in trust for the wife and daughter of the defendant.

It was found by an auditor that *R* was indebted at the time of the delivery of the notes, and that his estate was still indebted for the same debts, and that

without the notes his estate was insufficient to pay the debts in full. Held to be the fair import of the finding that *R*'s estate, at the time the notes were delivered, was insufficient without the notes to pay his debts in full.

The action was brought for the recovery of the money received by the defendant of *R*, and for which he gave the notes in question. The defendant pleaded the general issue, with notice of payment and discharge of the previous indebtedness by the giving of the notes in question. Held that the plaintiff might show, under this issue, that the transaction with regard to the notes in question was fraudulent as against *R*'s creditors.

ASSUMPSIT, on a promissory note of $4,000, with a count for money had and received; brought to the Superior Court in Hartford county. The plaintiff sued as administrator of the estate of Francis Rood, deceased. The bill of particulars set forth sundry items of money of the intestate received by the defendant, the principal of which were two items of $4000 and 1,900, in March and July, 1864, with interest thereon. The defendant pleaded the general issue, with notice of payment and of an accord and satisfaction. The case was referred to an auditor by whom the following facts were found.

Some time in the month of March, 1864, Rood, the intestate, brought from Oswego to Hartford the sum of $4,000, and placed the same in the hands of the defendant, Burnham; and subsequently, during the same month, Burnham executed and delivered to Rood his note for the same, payable to Rood on demand with interest. In the month of July, 1864, Rood brought the further sum of $1,900, and placed it in the hands of Burnham, and Burnham gave him his note for the same, payable to Rood on demand with interest.

On the 10th day of November, 1864, the defendant, by the direction and at the request of Rood, executed two promissory notes, one dated November 10th, 1864, for the sum of $4,000, payable to Mrs. George Burnham or order on demand with interest, and the other dated November 10th, 1864, for the sum of $1,900, payable five days after date to Julia Burnham or order with interest, and at his request delivered the notes to Rood, who on the same day delivered the note for $4,000 to the said Mrs. George Burnham, and the note for $1,900 to the said Julia Burnham. The former was the wife and the latter the daughter of the defendant. Rood on the

execution and delivery of these two notes to him, delivered to the defendant his original notes as discharged, and the same were by him destroyed in the presence of Rood. The new notes are now held by Mrs. Burnham and by Julia Burnham as claims against the defendant. The original notes and the interest thereon have been no otherwise paid than by the execution and delivery of the notes of November 10th, 1864. No consideration was given by Mrs. Burnham or by Julia Burnham to Rood for the notes delivered to them.

The plaintiff offered evidence to prove that debts existed against Rood at the time the last named notes were made and delivered, which he had not the means to pay, except from this money, and that the claims still existed, and had been presented against his estate, and that there were not sufficient means to pay the same. To the admission of this evidence the defendant objected, and the same was admitted subject to the objection. If the evidence was admissible, the auditor found that Rood was indebted at the time of the delivery of the notes, and that his estate was still indebted for the same debts ; and that his estate independently of these notes was insufficient for the payment of his debts in full, but with the notes was more than sufficient.

On the 5th day of January, 1865, the defendant was indebted to Rood in the sum of four hundred dollars, for money received by him belonging to Rood, which sum with interest the auditor found to be still due.

The court accepted the report of the auditor and reserved the questions arising on the facts found for the advice of this court.

*T. C. Perkins* and *Goodman*, with whom was *Freeman*, for the plaintiff, contended that the evidence of Rood's indebtedness was admissible ; that as the delivery of the notes was without consideration and rendered him insolvent the gift was not good against his creditors; and that judgment should be rendered for the plaintiff to recover the whole amount of the notes, leaving any balance that might be left for the donees to be paid over to them by the plaintiff, who would

hold the same for their use, or to be subject to an order of the court of probate in their favor after the payment of the debts; citing as to the last point *Abbott* v. *Tenney,* 18 N. Hamp., 109, and *Marsh* v. *Fuller,* id., 360.

*F. Fellowes* and *C. E. Fellowes,* for the defendant.

1. The evidence objected to before the auditor was inadmissible, because the fact which it was offered to prove was not and could not have been in issue. The declaration counts upon a promissory note executed by the defendant to Rood, and the bill of particulars, under the common counts, contains charges of various sums received by the defendant from him or for his use. There is no pretence of any other claim. The plea of the general issue with notice sets up full payment and an accord and satisfaction. It cannot be claimed that under this issue evidence of the fraudulent character of Rood's gift to Mrs. Burnham and Miss Burnham was admissible. Nor can it be claimed that this fact might have been set up in a replication to the plea, if the plea had been a special one. Such a replication would be demurrable, since its effect would be, if sustained, to allow the plaintiff to rescind the contract, without putting the parties *in statu quo.* Either the defendant would be compelled to pay the debt twice, or the gift would be set aside without making the donees parties to the suit. If the replication would be demurrable, evidence to sustain it is inadmissible.

2. If this evidence is inadmissible, there can be no question that the facts set up in the notice, and found by the committee, constitute a complete defence to the action, except as to the $400 which is admitted, and that judgment should be rendered only for that sum. But suppose the evidence to be admissible. If admissible it must be on the ground that the gift is fraudulent as against creditors, and against the plaintiff as their representative. There is no pretence of actual fraud, nor are any facts found from which the law implies fraud. It does not appear that at the time the gift was made Rood was insolvent, or even embarrassed, or that the gift was at all disproportionate to his means or circumstances. It

simply appears that Rood was indebted, that he did not pay those debts during his life, and did not leave sufficient estate to pay them. According to the American doctrine, as now settled by the weight of authority, such a gift is not *per se* fraudulent. 2 Kent Com., (ed. 1867,) 440, 441, 442, and cases cited.

3. But if the gift is fraudulent and void, and the plaintiff entitled to recover, he is so entitled only as representing creditors, and through their rights, and his right is commensurate with the rights of creditors which have been injured, namely, with the amount of debts unpaid. He can recover only so much as is needed to pay debts. All above that amount belongs to the donees. The amount of debts is not found, or whether in fact any debts now remain unpaid. At all events a further hearing must be had to ascertain these facts.

CARPENTER, J. It is conceded that the plaintiff is entitled to recover the sum of $400. He further claims that he is entitled to recover the sum due from Burnham to the plaintiff's intestate on the 10th day of November, 1864, and for which notes were given to Mrs. Burnham and her daughter, as stated in the report. The substance of that transaction was a gift. His right to make it, provided creditors were not thereby injured, is not questioned. We think it equally clear that it cannot be sustained so far as it deprives the donor of the means of paying his creditors in full. A voluntary conveyance, which operates to defeat the rights of creditors, is in law fraudulent and void as against such creditors. This is elementary law, and requires no argument to sustain it. The question is, whether there is anything in the form or manner of the conveyance, or the circumstances attending it, which exempts this case from the operation of this principle. If it be true, as suggested by the defendant's counsel, that it does not appear that at the time the gift was made Rood was insolvent, or even embarrassed, or that the gift was at all disproportionate to his means or circumstances, the case might be attended with some difficulty. But we think the fair import of the finding is, that his estate, aside from the

notes, was at that time insufficient for the payment of his debts. This was the plaintiff's claim, and the auditor has expressly found that he was indebted at the time of the delivery of the notes, that his estate is still indebted for the same debts, and that his estate independently of these notes is insufficient for the payment of these debts in full. Unless therefore his pecuniary condition subsequently changed for the worse, it is evident that the gift, if carried into effect, rendered him insolvent at the time. There is no evidence of any such change, and we are not called upon to presume one for the purpose of sustaining a voluntary conveyance.

Burnham, during his lifetime, paid nothing on his indebtedness to Rood otherwise than by giving the notes in question. No consideration for those notes passed from the payees. They paid nothing and incurred no responsibility. A recovery by the plaintiff then works no hardship to them, as they are in no worse condition than they were before the notes were given. It can work no hardship to Burnham's estate, unless it is compelled to pay the notes in addition to the judgment recovered by the plaintiff. That is hardly possible, situated as this case is; yet we attach no importance to the fact that one of the payees of the notes is administratrix of Burnham's estate, and in that capacity appeared before the auditor. Had it been otherwise, and had she been a stranger to the estate, the defendant, when sued, could have protected himself by a bill of interpleader; so that the argument drawn from the supposed hardship fails. On the other hand, if this transaction is void as against creditors, there must be some mode in which creditors can take advantage of it. Their remedy must be by suit against the maker, or the payees, or both. No well informed lawyer, under the circumstances, would presume to commence an action at law against the payees. A bill in equity ought not to be required unless necessary for the protection of the rights of the parties concerned. Those rights, as we have just seen, can be protected in an action at law against the maker. Ordinarily, in cases of fraud, the question is tried in an action at law. We see no sufficient reason for making this case an exception to the general rule.

It being established that it is competent for the plaintiff, representing the creditors, to avoid the gift, the question of evidence would seem to be disposed of.   The defendant sets up this gift, by way of notice, as a defense, 1st,.as payment, 2d, as an accord and satisfaction.   No argument can be required to show that it is competent for the plaintiff to meet this defense by proving facts which show that the gift is legally inoperative.

The only remaining inquiry is this : is the plaintiff entitled to recover the full amount of the indebtedness ?   It is conceded that it is not all needed for the payment of debts ; but how much will be required for that purpose cannot now be known.   We quite agree with the defendant's counsel that the plaintiff can only recover for the benefit of creditors, and that no part of the judgment should enure to the benefit of the heirs.   The amount needed for debts cannot be ascertained with certainty until the settlement of the administration account.   It would be inconvenient and expensive, if not impracticable, to defer judgment until that time.   Besides, in most cases of this character, the defendant, rather than be exposed to a second suit, would prefer that judgment should be rendered for the whole debt.

On the whole we advise the Superior Court to render judgment for the full amount.   With the proceeds, the plaintiff, under the direction of the court of probate, will pay the debts and all proper charges.   The balance, if any, he will hold for the use of the party or parties to whom it rightfully belongs. Mrs. Burnham and her daughter, or one of them, will be entitled to it upon the facts as they now appear.

In this opinion the other judges concurred.