FRANCIS S. FROST and others *vs.* CHARLES E. LIBBY and others.

Cumberland. Opinion February 3, 1887.

*Executors and administrators. Fraudulent conveyances. Equity.*

The executor or administrator of an insolvent estate is the proper person to sue for and recover property conveyed by the deceased in fraud of creditors.

It may be that one or more creditors of an insolvent estate, upon refusal of the legal representatives to sue for property conveyed by the deceased in fraud of creditors, may recover the same in their own names; but for the common benefit of all creditors of like interest with themselves; but one or more creditors cannot recover the same for their own benefit, to the exclusion of other creditors equally meritorious with themselves.

ON exceptions to the ruling of the court in sustaining a demurrer to the bill.

Bill in equity by two creditors of the insolvent estate of Lot Libby, deceased, against Wm. K. Neal, administrator on the estate, and Charles E. Libby, to whom it was alleged the deceased fraudulently conveyed in his lifetime certain real estate. The bill asked " that said deed and conveyance from said Lot Libby to him (Charles E. Libby) be decreed null and void, and that the same be given up and cancelled, and that said Charles E. Libby be ordered to account for all the income and profits of said real estate received by him, and that said real estate and the income and profits thereof be subjected and applied to the payment of the several claims of and indebtedness to your orators."

*Frank and Larrabee*, for plaintiffs.

Where a debtor has conveyed away real estate in fraud of his

creditors, the creditors must first obtain judgments, and levy on said real estate before they can resort to equity to set aside said conveyance. *Howe* v. *Whitney*, 66 Maine, 17; *Webster* v. *Clark*, 25 Maine, 312; *Webster* v. *Whitney*, 25 Maine, 327; *Taylor* v. *Robinson*, 7 Allen, 253.

Where a debtor has paid for real estate conveyed by third party to his wife or other third party in fraud of his creditors, the creditors must obtain judgment on their claims but need not levy on said real estate previous to bringing their bill in equity. *Corey* v. *Greene*, 51 Maine, 114; *Dockray* v. *Mason*, 48 Maine, 178.

Where personal estate has been given by debtor in fraud of creditors, the administrator of the deceased debtor may maintain assumpsit against the fraudulent donee to recover the value of same. *McLean* v. *Weeks*, 61 Maine, 280; S. C. 65 Maine, 418.

Where real estate or personal estate has been conveyed in fraud of creditors, the administrator could not maintain bill in equity against grantee or donee, unless the claims of creditors had first been reduced to judgment or proved before commissioners in insolvency. *Fletcher* v. *Holmes*, 40 Maine, 365; *Caswell* v. *Caswell*, 28 Maine, 232.

But in none of the decisions in this State has a bill in equity by an executor or administrator to set aside a fraudulent conveyance of real estate by the deceased debtor been maintained. *Caswell* v. *Caswell*, 28 Maine, 232, where bill was dismissed, being the only case presented to the court.

In *Pulsifer* v. *Waterman*, 73 Maine, 241, it was held that the provisions of c. 113, § 68, R. S., applies to fraudulent conveyances of real estate, and that a creditor of deceased debtor could recover double the amount of his claim against the fraudulent grantee, without having reduced his claim to a judgment, or proved it before commissioners.

In *Fowler* v. *Kingsley*, Penn. Reports decided, November, 1878, and reported in The Reporter, vol. 7, p. 756, the court say, "Fraud is one of the recognized subjects of equity jurisprudence. . . . As a rule, courts of equity have jurisdiction to

relieve against every species of fraud. . . It is espceially adapted to this class of cases."

See also Bump on Fraudulent Conveyances (3d ed.) p. 540; *Dunn* v. *Murt*, Dist. of Columbia, in October, 1885, case reported in 1 Central Reporter, 85; *Hagan* v. *Walker*, 14 Howard, 33.

In *Kennedy* v. *Creswell*, 11 Otto, 645-6, the court say : "The authorities are abundant and well settled that a creditor of a deceased person has a right to go into a court of equity for the discovery of assets and payment of his debts."

In book 17, p. 554 of Lawyers' Co-operative Edition of U. S. S. C. Reports, note at bottom of page the following : "Creditors of a deceased person may come into court of equity and ask to reach the property belonging to his estate for the satisfaction of their claims without having previously established the amounts of their debts by judgment at law, particularly where estate is insolvent, and debt could not be paid in ordinary course of administration," and the following authorities are cited in support of same. *Offert* v. *King*, 1 McArthur, 312 ; *Whitney* v. *Kimball*, 31 Ill. 336 ; *Steere* v. *Hoaglana*, 39 Ill. 264 ; *Hall* v. *Joiner*, 1, S. C. 186.

As to right of creditors to join in one bill, we cite following cases : Bump on Fraudulent Conveyances, 3d ed. 547 ; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 152 ; *Birely* v. *Staley*, 25 Am. Dec. 303 ; *Edmeston* v. *Lyde*, 1 Paige, 637 ; *Clarkson* v. *DePeyster*, 3 Paige, 320 ; Story on Eq. Pl. § § 286, 531-2-3-5-7 ; *Chapman* v. *Banker & Tradesman*, 128 Mass. 478.

As to joinder of administrator as party defendant we cite *Dunn* v. *Murt*, 1 Central Reporter, 85.

In *Hagan* v. *Walker*, 14 Howard, 29, the court say : "A court of equity has jurisdiction of a bill against the administrator of a deceased debtor and a person to whom real and personal property was conveyed by the deceased debtor for the purpose of defrauding creditors."

In *Kennedy* v. *Creswell*, 101 U. S. 641, bill by creditor against executor and devisees for discovery was sustained.

To the same point we cite case reported in 25 Am. Rep. 678 (54 Ala. 277).

That the administrator has no statute power in this State to resort to equity to reach real estate, conveyed by the deceased debtor, previous to the recent equity statutes, there can be no question; and that this power did not exist by virtue of general equity jurisdiction, although otherwise intimated in *Caswell* v. *Caswell,* we cite the following: *Peaslee* v. *Barney,* 1 D. Chipman (Vt.) case reported in 6 Am. Dec. 743; also *Martin* v. *Martin,* 1 Vt. 91.

In *Crosby* v. *DeGraffenreid,* 19 Ga. 290, the court say: "The creditors have no title to the property, but a right to subject it to the payment of their debts. The executor cannot, therefore, be trustee of this property, any more than his testator could if living. The executor cannot have more rights than the testator had. Besides, the court say, the creditors have an ample remedy, one in fact better, more direct and less expensive than to allow the executor to recover for them." See also 54 Ala. Dec. 1875, reported in 25 Am. Rep. p. 678; *Ewing* v. *Handley,* 4 Littel (Ky.) 346 (2); *Partee* v. *Matthews,* 53 Miss. 140; *Blake* v. *Blake,* 53 Miss. 182; *Loomis* v. *Tift,* 16 Barb. 545; Bump on Fraudulent Conveyances, 444-5, in 3d ed. 438 in 2d ed.

See Public Statutes of Mass. ch. 151, § 2, c. 11, and § § 3 and 4; R. S. of Maine, c. 77, § 6,—x and xi.

Section 3 in Mass. statute is embraced in last part of § 6— x of Maine stat.

We cite the following Massachusetts decisions as construing above statutes, in addition to the authorities annotated under said sections in the revision of 1882. *Bresnihan* v. *Sheehan,* 125 Mass. 11; *Barry* v. *Abbot,* 100 Mass. 396; *Tucker* v. *McDonald,* 105 Mass. 423; *Crompton* v. *Anthony,* 13 Allen, 36-7; *Welsh* v. *Welsh,* 105 Mass. 229; *Parker* v. *Flagg,* 127 Mass. 28.

That the fraudulent grantee is sufficiently protected see *Pulsifer* v. *Waterman,* 73 Maine, 241-2.

*Holmes and Payson,* for Charles E. Libby, and *Ardon W. Coombs,* for Wm. K. Neal, administrator, defendants, cited: *Caswell* v. *Caswell,* 28 Maine, 232; *Webster* v. *Clark,* 25

Maine, 313; *Howe* v. *Whitney*, 66 Maine, 18; *Fletcher* v. *Holmes*, 40 Maine, 364; *McLean* v. *Weeks*, 61 Maine, 280; *Parker* v. *Flagg*, 127 Mass. 28; *Hall* v. *Sands*, 52 Maine, 355; *Taylor* v. *Robinson*, 7 Allen, 253; *Legro* v. *Lord*, 10 Maine, 161; *Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 558; *Donnell* v. *R. R. Co.* 73 Maine, 570; *Baxter* v. *Moses*, 77 Maine, 465; *Chapman* v. *B. & T. Pub. Co.* 128 Mass. 478; *Trow* v. *Lovett*, 122 Mass. 571; *Wilmarth* v. *Richmond*, 11 Cush. 463; *Dockray* v. *Mason*, 48 Maine, 178; *Pulsifer* v. *Waterman*, 73 Maine, 241; *Reed* v. *Reed*, 75 Maine, 268; *Baxter* v. *Moses*, 77 Maine, 465; *Hayden* v. *Whitmore*, 74 Maine, 230; *Martin* v. *Abbot*, 1 Maine, 333; Bump. Fraud. Con. 555.

HASKELL, J. The joint bill of two creditors of a deceased debtor, whose estate was represented insolvent in the probate court, against an alleged fraudulent grantee of the debtor and his administrator, to recover certain land supposed to have been voluntarily and without consideration conveyed by the debtor in his lifetime to the respondent grantee in fraud of creditors.

The executor or administrator of an insolvent estate is charged by law with the collection and distribution of all the assets of the deceased, including property conveyed by the deceased in fraud of creditors; and to accomplish this result he may have the aid both of courts of law and of equity, even where the deceased, if alive, could have no relief. The legal representative of an insolvent estate is a trustee for the various persons interested in the distribution of the estate according to their respective legal and equitable interests. *Caswell* v. *Caswell*, 28 Maine, 235; *Pulsifer* v. *Waterman*, 73 Maine, 233; *McLean* v. *Weeks*, 61 Maine, 277, 65 Maine, 411; *Reed* v. *Reed*, 75 Maine, 264.

Dicta in some of these cases indicate that the legal representative has the sole right to maintain an action or suit to recover assets for the benefit of an insolvent estate, even though he refuses to attempt their recovery; but whether upon tender of indemnity to the representative, followed by his refusal to sue

in equity to recover estate conveyed by the deceased in fraud of creditors, one or more creditors may not maintain their bill to recover the same for the benefit of all creditors entitled to share in it by making the representative a party respondent upon apt averments, thereby virtually making the suit one in his behalf, it is unnecessary to now decide, for the bill does not aver any refusal of the respondent administrator to perform his full duty in recovering the property, said in the bill to have been conveyed in fraud of creditors.

It is clear however, that the present bill cannot be maintained, if for no other reason, for want of equity, inasmuch as it seeks a preference for the orators over other creditors of like merit.

In the settlement of insolvent estates, the aim of the law is "to produce an equitable, *pro rata* distribution of all that remains of the dead man's property or effects;" and to best serve this purpose, a recovery by the legal representative, or by creditors in his behalf, of assets that ought to be distributed, is the most efficacious method, and the only one that commends itself to a court of equity. If the orators would have individual relief, let them seek it in an action at law, and not ask a court of equity to give them an inequitable preference over other creditors of of equal merit with themselves.

If the debtor were alive, the orators could not maintain this bill against the fraudulent grantee, inasmuch as they have not exhausted their remedy at law. *Howe* v. *Whitney*, 66 Maine, 17 ; *Baxter* v. *Moses*, 77 Maine, 465 ; and after he is dead, why should they have equitable relief that they could not have in his lifetime?

Nor can the bill be maintained under the act of 1876 as an equitable garnishee process, for neither the allegations in the bill nor the parties to it bear proper relations to a suit of that kind. *Donnell* v. *Railroad*, 73 Maine, 567.

> *Exceptions overruled. Bill dismissed with costs on the exceptions.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.