JOHN H. WHITING, ADMINISTRATOR, vs. EMMA W. RALPH.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An executed gift is not necessarily revoked because the thing given
subsequently comes back into the possession of the donor, whether
with or without the consent of the donee.

Voluntary conveyances are good except as against existing creditors,
or those who represent their claims.

Argued April 22d—decided June 6th, 1902.

ACTION of replevin to recover the possession of certain
articles of jewelry and other personal effects, brought to the
City Court of New Haven and tried to the court, Dow, J.;
facts found and judgment rendered for the defendant, and ap-
peal by the plaintiff for alleged errors in the rulings and find-
ings of the court.    No error.

The case is sufficiently stated in the opinion.

Ward Church, for the appellant (plaintiff).

William F. Alcorn, for the appellee (defendant).

BALDWIN, J.    The finding of the City Court shows that
the goods replevied, which consisted of wearing apparel and
jewelry, once belonged to Mrs. Medford, the plaintiff's intes-
tate, and constituted substantially all her property, but that
three years before her death she gave them to the defendant.
At that time Mrs. Medford was sick and about to go to a hos-

pital for treatment. While there, by her direction the goods were delivered to the defendant, who left them in the house of a third party. A few months later Mrs. Medford engaged lodgings in the same house, and remained there till her death, except for a visit to relatives in New York when she took most of the goods with her, they having been stored in the room which she was occupying.

The evidence certified up, on exceptions to the finding, contains nothing calling for a correction of it.

An executed gift is not necessarily revoked because the thing given subsequently comes back into the possession of the donor, whether with or without the consent of the donee.

Nor was the gift in question affected by the death of the donor, three years afterwards, leaving no property. Voluntary conveyances are good except as against existing creditors, or those who represent their claims. *Freeman* v. *Burnham,* 36 Conn. 469, 473.

There is no error.

In this opinion the other judges concurred.