Estate of Lopez, 19 Haw. 620.

# IN THE MATTER OF THE ESTATE OF ANTONE J. LOPEZ, DECEASED.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 2, 1909.        DECIDED NOVEMBER 12, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

EXECUTORS AND ADMINISTRATORS—*suit to set aside fraudulent conveyance.*
    An administrator of an insolvent estate has no authority to
    bring a suit to set aside a conveyance of real estate made by
    the decedent in fraud of creditors.

## OPINION OF THE COURT BY HARTWELL, C.J.

L. L. McCandless, a creditor of the decedent, brought a petition in probate setting forth that the decedent died about March 9, 1908, testate; that the Bishop Trust Co., administrator with the will annexed, had collected assets to the amount of $774.76, which, after deducting $250.97, expenses of administration, left $523.76 for the claims allowed which amounted to $1007.48; that when the petitioner's claim of $200 accrued Lopez was solvent owning property more than sufficient to pay all his debts, but thereafter, on February 27, 1905, he conveyed to one Foster in trust, for certain purposes, all his real estate, which the petitioner avers upon information and belief was of the value of over $30,000, retaining personalty insufficient to pay his debts and that he was insolvent then and until he died; that the deed was executed in fraud of creditors including the petitioner; that the administrator has made no report of the land as an asset nor of the circumstances relating to the deed, and though requested by the petitioner to take necessary steps to realize upon the land for the benefit of creditors, has refused so to do, wherefore the petitioner prayed that he be ordered to take such steps as may be necessary to have the deed set aside or to subject the lands or so much thereof as may be necessary

to payment of petitioner's claim, and that it be ordered to be paid in full. The administrator demurred to the petition on the grounds (1) that it is a creditor's bill which the petitioner should have brought in equity and that the probate court has no jurisdiction; (2) that the administrator is estopped to attack fraudulent conveyances made by the decedent; (3) non-joinder of Foster the grantee.

The circuit judge reserved the question whether the demurrer should be sustained.

In several states referred to by the petitioner authority is given by statute to bring such suits, as in California, Ohio, New York, Vermont, Wisconsin and Massachusetts. The petitioner, while admitting that courts are not in accord on the question, submits that the following cases support his contention and are supported by sound reason. *Abbott* v. *Tenney,* 18 N. H. 109, 111; *Cross* v. *Brown,* 51 N. H. 486; *Cooley* v. *Brown,* 30 Ia. 470, 472; *McLean* v. *Weeks,* 61 Me. 277, 280; *Frost* v. *Libby,* 79 Me. 56; *Stewart* v. *Kearney,* 6 Watts 453; *Pringle* v. *Pringle,* 59 Pa. St. 286 ;*Bouslough* v. *Bouslough,* 68 Pa. St. 499; *Andruss* v. *Doolittle,* 11 Conn. 283 ; *Freeman* v. *Burnham,* 36 Conn. 469; *Bassett* v. *McKenna,* 52 Conn. 437 ; *Martin* v. *Bolton,* 75 Ind. 295. His contention is that in case of an insolvent estate the administrator is the representative of the creditors and that the heirs are not interested since all the property belongs to the creditors, so that it is necessary that the administrator have the right to sue which the creditors would have had if the decedent had not died. He urges that this is essential to the equitable apportionment of the assets after recovering back property fraudulently conveyed and that the administrator's suit avoids multiplicity of suits and prevents one creditor from obtaining preference over others since if one creditor brings the suit he is under no obligation to make other creditors parties and they might not know of it.

The administrator claims that by the overwhelming weight

of authority an administrator cannot bring suit to set aside a fraudulent conveyance although there are insufficient assets to pay the debts.   Referring to statutes which confer such power, he asks what was their necessity if the power existed independently.   With reference to the Maine cases he says that administrators have express authority by statute there and that the New Hampshire, Connecticut and Pennsylvania cases are of slight weight against the large preponderance of opposing decisions.   He further says that at common law the administrator can only enforce rights which were open to enforcement by the decedent and that there is no reason for giving him powers which creditors can exercise; that an administrator's power to bring suits would not prevent multiplicity of suits or one creditor from obtaining a preference since every defrauded creditor has the same right and others could intervene and prevent preference; that the same objections existed prior to the fraudulent grantor's death so that creditors are in no worse position now.

Except in one of the Maine cases the decisions cited by the petitioner appear to relate to personal property and to be based mainly upon the doctrine that deeds of sale and transfers of personal property made in fraud of creditors are as against them absolutely void, and not merely voidable, and therefore that the administrator may bring an action at law for the property or its proceeds, treating the transfer as a nullity.   In *Cooley* v. *Brown*, 30 Ia. 470, 472, the court said that the statutes requiring the administrator "to collect the assets and to pay them over to creditors required that whatever ought to be applied to payment of debts ought to be recoverable by the administrator representing the creditor's rights and that unless property voluntarily and fraudulently conveyed can be reached by the administrator the creditors would have to bring actions in their own names, involving multiplicity of suits and interfering with the singleness of the administration."

The administrator's right to sue is often based upon the ground that in case of an insolvent estate he is trustee for creditors and therefore ought to recover the property for their benefit. In *Gibbens* v. *Peeler,* 8 Pick. 253, and *Holland* v. *Cruft,* 20 Pick. 321, the right was based on the statute giving jurisdiction in equity "in all cases of trust arising under deeds, wills, or in the settlement of estates." The court in the *Holland* case (Shaw C. J.), referring to the statute making the estate of a debtor liable for all debts, say, "In order to enable executors and administrators to make such distribution among creditors  *  *  *  real estate which has been conveyed by the deceased to defraud his creditors may be sold by the administrator and for that purpose may be sued for and recovered by the administrator, although it is very clear from the principle above stated that the grantor himself could not void his grant made under the same circumstances." But the statute gave "explicit power to an executor or administrator to maintain an action for the recovery of such estate." Ib., 329. The court further held that the suit could be maintained by creditors who had not obtained judgments against the administrator, and said that even if creditors could unite in a bill against the administrator and holders of property fraudulently conveyed that was no just reason why the administrator should not do the same thing in their behalf since creditors are often numerous, many of them interested to a small amount only, so that it might be difficult to bring them to act in concert, and if all should not unite the great object of the law, equal pro rata distribution, might be defeated or rendered difficult.

These considerations have weight but we are not at liberty to infer that the same conclusion would have been reached in the absence of the statutes. The administrator here may obtain a decree of "sale of any real estate of deceased persons for the purpose of paying their debts, whensoever the personal state of such persons shall prove to be insufficient for the pur-

pose " (Sec. 1855 R. L.), but this is not enough to authorize him to use the assets in litigation for the purpose of setting aside the decedent's deeds. The statute, Sec. 1850 R. L., authorizing orders "for the filing of inventories of the assets" by the administrator does not require real estate to be inventoried and probably refers to the inventory required by a statute of Hen. VIII., of "all the goods, chattels and credits of the deceased coming to his possession." Schouler, Sec. 229. In case of an insolvent estate there is no reason why a creditor whose claim has been allowed shall, in order to bring a suit, first obtain a judgment against the administrator and take out an execution returned nulla bona. *Merchants' & Miners' Transportation Co.* v. *Borland,* 53 N. J. Eq. 282, 296; *Haston* v. *Castner,* 31 N. J. Eq. 697, 700. The exceptions to the rule requiring a previous judgment which are recognized in *Smith* v. *R. R. Co.,* 99 U. S. 398, 401; *Case* v. *Beauregard,* 101 U. S. 688, 691, and *Sage* v. *R. R. Co.,* 125 U. S. 361, 376, properly include a case like that at bar.

If a debtor is living a creditor obtains, if he can, the lien of a judgment in order to bring a bill to secure for himself and creditors who intervene the exclusive benefit, to the extent of their judgment debts, of property fraudulently conveyed.

But in this Territory a judgment of itself gives no lien and a creditor gains nothing by obtaining it. Moreover, whatever action would lie either on the administrator's bond or for a devastavit, there is no right of action against the administrator to recover a claim which he has allowed.

A creditor's bill then against the grantee of a fraudulent conveyance would not be demurrable on the ground that the plaintiff had not obtained judgment against the administrator and taken out execution on which nulla bona had been returned.

The demurrer should be sustained.

*A. G. M. Robertson* for petitioner.

*Holmes, Stanley & Olson* for administrator.