**Electronically Filed
Supreme Court
SCWC-17-0000806
13-JUN-2025
08:04 AM
Dkt. 23 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

PETER J. WINN and WESTMINSTER REALTY, INC.,
Respondents/Plaintiffs-Appellants,

vs.

WADE BRADY and KATHERINE T. BRADY, individually and
as trustees of the WADE K. BRADY FAMILY TRUST;
CONTEMPORARY KAMA'AINA, LLC; WESTMINSTER REALTY, INC.
as trustee of the 2806 KOLEPA PLACE TRUST DATED
DECEMBER 14, 2010; ERIC L. KEILLOR; and ERIC S. HART,
Respondents/Defendants-Appellees,

and

JAMES E. SPENCE and BEVERLY C. SPENCE,
Petitioners/Intervenors-Appellees,

and

STEPHEN R. SPENCE and VALORIE A. SPENCE,
Respondents/Intervenors-Appellees.

_____

SCWC-17-0000806

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000806; CASE NO. 2CC121000087)

JUNE 13, 2025

RECKTENWALD, C.J., McKENNA, EDDINS, AND DEVENS, JJ.,
AND CIRCUIT JUDGE KUBOTA IN PLACE OF GINOZA, J., RECUSED

OPINION OF THE COURT BY DEVENS, J.

This appeal raises the question of whether the holder of a recorded judgment lien has a protected property interest pursuant to Hawaiʻi Revised Statutes (HRS) § 636-3 (2016). We answer this question in the affirmative. We further address the due process notice requirements owed to a junior judgment lienholder prior to an execution sale. We hold that such a lienholder is entitled to notice consistent with due process pursuant to article I, section five of the Hawaiʻi Constitution. However, due to the potential impact of our decision on prior and pending execution sales, and considering the substantial prejudice to the intervenors, this decision, requiring that notice consistent with due process be provided to junior judgment lienholders who recorded judgments pursuant to HRS § 636-3, shall apply prospectively only.

## I. BACKGROUND

This case concerns a property on Maui (Haleakalā Highway Property or the Property) in which Wade Brady owned a 50% interest. In 2010, Beverly and James Spence (the Spences) obtained a default judgment against Wade Brady and his wife, Katherine Brady, (the Bradys) in the amount of $152,350.62 in the Circuit Court of the Second Circuit (circuit court).[1] On

---

[1] The Honorable Joel E. August presided.

2

March 9, 2011, the Spences recorded a judgment lien against Wade Brady's 50% interest in the Haleakalā Highway Property with the Bureau of Conveyances (BOC).

After the Bradys failed to satisfy their debt, the Spences obtained a writ of execution pursuant to HRS Chapter 651 on the Haleakalā Highway Property which authorized the execution sale of the Property to satisfy the Spences' judgment.[2]

Prior to the execution sale, the independent civil process server in charge of the Haleakalā Highway Property's public auction advertised and posted the sale by publication pursuant to and in compliance with HRS § 651-43 in four places: the Haleakalā Highway Property, the Makawao Public Library, Hoapili Hale (the location of the circuit court), and the Makawao Post Office.  HRS § 651-43 required the posting of written or printed notice in three conspicuous places within the district where the subject property was located, but did not require personal notice to be served on any lienholders.  HRS § 651-43 (2016).

Wade Brady's 50% interest in the Haleakalā Highway Property was sold to the Spences via Haleakalā Estate Properties, LLC for $25,001.00 at a confirmation hearing held on April 30, 2015, after the Property had sold at public auction on February 3,

_____

[2]    The Honorable Rhonda I.L. Loo granted this motion and the subsequent order confirming the sale of the Property to the Spences via Haleakalā Estate Properties, LLC.

3

2015. At the time of the sale, there were multiple encumbrances on the Property, which included two senior mortgages, the Spences' judgment lien, and a junior judgment lien recorded by Peter J. Winn and Westminster Realty, Inc. (the Winn parties).[3] The Winn parties did not receive personal or actual notice of the execution sale by public auction of the Haleakalā Highway Property.

On June 3, 2015, the circuit court filed an order confirming the sale and conveyance of Wade Brady's 50% interest in the Haleakalā Highway Property "free of all liens that are subsequent and/or junior to the lien of the Final Judgment, which is the judgment under which the Property has been sold in this case." The Spences and their relatives subsequently acquired the other 50% interest in the Property, and, according to the record, are the current titleholders of the entire parcel.

On February 6, 2013, approximately two years after the

---

[3]    At the time of the execution sale, there were four liens encumbering the Property: a senior mortgage in the amount of $595,000.00 held by Finance Factors, Ltd.; a second senior mortgage in the amount of $592,000.00 held by Mortgage Electronic Registration Systems, Inc. (MERS), as a nominee for First Hawaiian Bank; the Spences' judgment lien; the Winn parties' judgment lien; and an additional, subsequent judgment lien held by the Spences. According to the title report filed by the Winn parties, the mortgage held by Finance Factors, Ltd. no longer encumbered the Property as of May 30, 2017. However, the $592,000.00 mortgage loan executed with MERS, as a nominee for First Hawaiian Bank, remained, and the Spences executed a subsequent mortgage loan on the Property in the amount of $623,500.00 with MERS, as a nominee for Mangum Mortgagem Inc., d.b.a. Pacific Home Loans.

Spences recorded their judgment with the BOC and before the execution sale of the Property, the Winn parties also recorded a judgment lien against Wade Brady's 50% interest in the Haleakalā Highway Property after they obtained a default judgment against the Bradys for $951,591.51, plus attorney fees and costs totaling $4,091.90.

The Bradys failed to satisfy their debt with the Winn parties, and on May 23, 2017, two years after Wade Brady's 50% interest in the Haleakalā Highway Property was sold at auction to the Spences, the Winn parties filed a motion requesting that a writ of execution be levied on the Haleakalā Highway Property.

The circuit court initially granted the Winn parties' motion.[4] However, the Spences intervened and filed a motion for reconsideration of the order granting the Winn parties' writ of execution on the Property. Subsequently, the Winn parties filed a motion to amend the first writ of execution on the Property.

At the hearing on the Winn parties' motion, the circuit court concluded that the Winn parties were not entitled to actual notice of the Haleakalā Highway Property's execution sale, the Winn parties' judgment lien on the Property extinguished in 2015, and the Winn parties had "sat on [their] rights for many years." Accordingly, the circuit court granted

---

[4]     The Honorable Rhonda I.L. Loo presided.

the Spences' motion for reconsideration of the Winn parties' writ on the Property, and denied the Winn parties' motion to amend their writ of execution on the Property.

The Winn parties appealed the circuit court's order to the Intermediate Court of Appeals (ICA). The Winn parties argued that as junior judgment lienholders, they held a constitutionally protected property interest in the Haleakalā Highway Property pursuant to HRS § 636-3, and that the execution sale deprived the Winn parties of their due process when it extinguished their lien without being afforded personal or actual notice of the public auction. The Winn parties argued that the statutory requirement of notice by publication was insufficient and that due process required "personal notice" of the Haleakalā Highway Property's sale.

The ICA vacated the circuit court's order and held that the Winn parties' recorded judgment lien against Wade Brady's 50% interest in the Property, pursuant to HRS § 636-3, "created a property interest in the Haleakalā Highway Property." Winn v. Brady, 153 Hawai'i 433, 436, 541 P.3d 653, 656 (App. 2023). Thus, the Winn parties were "entitled to notice consistent with due process when the Spences conducted the execution sale of the Haleakalā Highway Property under HRS Chapter 651." Id. The ICA concluded that the notice by publication of the execution sale

6

pursuant to HRS § 651-43 was insufficient to satisfy due process, and under these circumstances, the Winn parties were entitled to personal notice of the sale. Id. at 441, 541 P.3d at 661.

The Spences filed an application for writ of certiorari, which this court accepted.

## II. STANDARDS OF REVIEW

### A. Constitutional Questions

Questions of constitutional law are reviewed "de novo, under the right/wrong standard." In re Hawaiʻi Elec. Light Co., 145 Hawaiʻi 1, 11, 445 P.3d 673, 683 (2019) (citation omitted). "This court reviews questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case." Protect and Pres. Kahoma Ahupuaʻa Ass'n v. Maui Plan. Comm'n, 149 Hawaiʻi 304, 311, 489 P.3d 408, 415 (2021) (citation omitted).

### B. Interpretation of a Statute

"Questions of statutory interpretation are questions of law to be reviewed de novo under the right/wrong standard." Acad. Lab. United v. Bd. of Regents Univ. of Hawaiʻi, 153 Hawaiʻi 202, 207, 529 P.3d 680, 685 (2023) (citation omitted).

### III.  DISCUSSION

**A.  Junior Lienholders are Entitled to Notice Consistent with Due Process in Execution Sales**

**1.  A Writ of Execution is a State Action**

The Spences argue that the execution sale of the Haleakalā Highway Property did not constitute a state action, and therefore, the sale did not implicate the Winn parties' due process rights.  We disagree with the Spences' contention and hold that an execution sale of a debtor's property is a state action subject to procedural due process protections.

In Hawaiʻi, the threshold question "[i]n evaluating the need for procedural due process guarantees" is whether "essentially governmental functions are involved in substance[.]"  Kekoa v. Sup. Ct. of Hawaiʻi, 55 Haw. 104, 107, 516 P.2d 1239, 1242 (1973).  Here, the circuit court authorized the sale to satisfy the Spences' judgment, and, while the auction was advertised and held by an independent civil process server, a judicial order authorized and confirmed the sale of Wade Brady's interest in the Property.  As the execution sale was judicially authorized, the sale of the Property was clearly a state action subject to the due process clause.

The Spences also argue that based on the language of HRS § 651-1(c), which provides that "[n]othing in this chapter shall be construed to make an independent civil process server a

law enforcement officer, sheriff, or deputy sheriff, or an employee or agent of the department of law enforcement or the State," the sale was not a state action. HRS § 651-1(c) (2016). However, HRS § 651-1(c) does not preclude or limit the judiciary's role in execution sales. To the contrary, in obtaining a writ of execution on the Haleakalā Highway Property, the Spences sought and obtained the circuit court's approval to execute on their judgment lien and to force the sale of the Property. Thus, the writ of execution levied by the Spences was a state action, and the creditors with interests secured by the Property were entitled to notice consistent with due process.

### 2. A Judgment Lien Pursuant to HRS § 636-3 is a Constitutionally Protected Property Interest

We agree with the ICA's determination that the Winn parties' recorded judgment lien pursuant to HRS § 636-3 created a constitutionally protected property interest in the Haleakalā Highway Property "within the meaning of the due process clauses of the federal and state constitutions[.]"[5] Protect and Pres. Kahoma Ahupuaʻa Ass'n, 149 Hawaiʻi at 312, 489 P.3d at 416 (quoting Sandy Beach Def. Fund v. City Council of City & Cnty.

---

[5] This court has adopted the "state-constitution first approach" to constitutional interpretation. State v. Wilson, 154 Hawaiʻi 8, 14, 543 P.3d 440, 446 (2024). We accordingly "interpret the Hawaiʻi Constitution before its federal counterpart." Id. at 13, 543 P.3d at 445. "Only if the Hawaiʻi Constitution does not reach the minimum protection provided by a parallel federal constitutional right should this court construe the federal analogue." Id.

of Honolulu, 70 Haw. 361, 376, 773 P.2d 250, 260 (1989)).

Whether a judgment lien pursuant to HRS § 636-3 creates a property interest is a question of first impression for this court.  In Bank of Hawaii v. Shinn, this court noted that "HRS § 636-3 grants a judgment creditor an automatic lien on any real property of the judgment debtor."  120 Hawaiʻi 1, 4 n.8, 200 P.3d 370, 373 n.8 (2008) (emphasis added).  However, this court did not address whether HRS § 636-3 created a property interest "within the meaning of the due process claus[e]."  See Protect and Pres. Kahoma Ahupuaʻa Ass'n, 149 Hawaiʻi at 312, 489 P.3d at 416 (citation omitted).

HRS § 636-3 provides, in relevant part, that,

> [a]ny money judgment, order, or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances.

HRS § 636-3 (emphasis added).

In their briefing to the ICA, the Spences cited to Lindsey v. Kainana and In re Estate of Lopez, two cases that stand for the proposition that a judgment does not create a lien on a debtor's property.  Lindsey v. Kainana, 4 Haw. 165, 168-69 (Haw. Kingdom 1879); In re Estate of Lopez, 19 Haw. 620, 623 (Haw. Terr. 1909).  However, as the ICA correctly noted, the precursor to HRS § 636-3 was adopted after our decisions in Kainana and Estate of Lopez, and therefore those decisions are inapposite.

10

1913 Haw. Sess. Laws Act 32, § 1 at 36.

The "fundamental starting point for statutory-interpretation is the language of the statute itself." Panado v. Bd. of Trs., Emps.' Ret. Sys., 134 Hawai‘i 1, 11, 332 P.3d 144, 154 (2014) (quoting First Ins. Co. of Hawaii v. A&B Props., 126 Hawai‘i 406, 414, 271 P.3d 1165, 1173 (2012) (citations omitted)). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Id. "[I]mplicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. "Only when there is an ambiguity in a statute are we to resort to other methods of statutory interpretation." Barker v. Young, 153 Hawai‘i 144, 149, 528 P.3d 217, 222 (2023).

The plain language of HRS § 636-3, which states that a recorded judgment "shall be a lien upon real property," clearly intends for a recorded judgment to be an "automatic" lien on real property. HRS § 636-3; see Shinn, 120 Hawai‘i at 4 n.8, 200 P.3d at 373 n.8. The legislative history of HRS § 636-3 further supports this reading. The Senate Standing Committee report for the precursor to HRS § 636-3 specifically noted that the purpose of the bill was to "protect the judgment creditor from a quick

11

sale by his debtor." S. Stand. Comm. Rep. No. 113, in 1913 Senate Journal at 630-31. Thus, both the language and purpose of HRS § 636-3 clearly demonstrate that the legislature intended for judgment holders to be entitled to protections of their interest in a debtor's property after properly recording a judgment.

This decision is consistent with other jurisdictions with similar statutes that have likewise held that a judgment lien constitutes a protected property interest. See New Brunswick Sav. Bank v. Markouski, 587 A.2d 1265, 1275-77 (N.J. 1991); In re Upset Sale, Tax Claim Bureau of Berks Cnty., 479 A.2d 940, 944 (Pa. 1984); Cent. Tr. Co. v. Spencer, 535 N.E.2d 347, 349 (Ohio Ct. App. 1987).

For these reasons, we agree with the ICA and affirm that HRS § 636-3 creates a property interest for judgment creditors who have recorded said judgments with the BOC, and this property interest is constitutionally protected under the Hawaiʻi Constitution.

B.  **The Spences' Compliance with HRS § 651-43 Did Not Satisfy Due Process**

If there is a property interest, this court must address "what specific procedures are required to protect it." Protect and Pres. Kahoma Ahupuaʻa Ass'n, 149 Hawaiʻi at 312, 489 P.3d at 416 (quoting Sandy Beach, 70 Haw. at 376, 773 P.2d at 260).

12

"The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant property interest." Sandy Beach, 70 Haw. at 378, 773 P.2d at 261.

It is undisputed that the Spences complied with the statutory notice requirements under HRS § 651-43. The civil process server published notice of the public auction of the Haleakalā Highway Property in four places: (1) the Makawao Public Library; (2) Hoapili Hale; (3) the Makawao Post Office; and (4) the Haleakalā Highway Property.

HRS § 651-43 provides,

> Advertisement for sale. The officer shall, after levy, advertise for sale the property levied upon, whether real or personal, for thirty days, or for such time as the court shall order, by posting a written or printed notice in three conspicuous places within the district where the property is situated, and if on the island of Oahu, by advertisement thereof at least three times in one or more newspapers published in Honolulu.

We agree with the ICA that in the instant case, with our recognition that HRS § 636-3 provides a constitutionally protected property interest, the Spences' compliance with HRS § 651-43 alone was not sufficient to satisfy due process principles under the specific facts and circumstances of this case.

As established by this court in Klinger v. Kepano, "[a]n elementary and fundamental requirement of due process . . . is

13

notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections[.]"  64 Haw. 4, 10, 635 P.2d 938, 942 (1981) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

The ICA correctly held that notice by publication pursuant to HRS § 651-43 was insufficient to satisfy the Winn parties' due process rights as the Spences knew, or reasonably should have known, that the Winn parties held a recorded junior judgment lien against the Haleakalā Highway Property as of 2013, two years prior to the 2015 execution sale.  Further, the status report listing the encumbrances on the Property included a notice of the Winn parties' recorded judgment lien.

The Spences did not make a showing that it was either impractical or impossible to provide notice beyond publication. To the contrary, Peter Winn's declaration asserts that he received phone calls from Beverly Spence prior to the execution sale of the Haleakalā Highway Property expressing the Spences' desire to obtain Wade Brady's interest in the Property and their knowledge of the Winn parties' judgment.  Beverly Spence does not contest Peter Winn's assertions that she had Peter Winn's contact information and that she telephoned him prior to the execution sale but did not inform him that the sale was taking

14

place.

Under these circumstances, and applying the standard articulated by this court in Kepano, we agree with the ICA that personal notice to the Winn parties was required as the Spences knew, or reasonably should have known, of the Winn parties' judgment lien, and further, based on the record, it is undisputed that the Spences had Peter Winn's contact information prior to the execution sale.[6]

## C.    This Ruling Shall Apply Prospectively Only

For the first time, this court construes and recognizes HRS § 636-3 as creating a property interest subject to constitutional protections pursuant to the due process clause. Because our recognition that HRS § 636-3 provides a constitutionally protected property interest constitutes a new rule, we exercise our discretion and hold that the application of our ruling today shall apply prospectively only. See League of Women Voters of Honolulu & Common Cause v. State, 150 Hawaiʻi 182, 207, 499 P.3d 382, 407 (2021). We diverge here from the ICA's decision and reverse the ICA's reinstatement of the Winn

---

[6]    In certain cases, notice by publication may be sufficient for due process, but in general, notice by publication has been found sufficient only when other forms of notice are not practicable or possible. Eto v. Muranaka, 99 Hawaiʻi 488, 498, 57 P.3d 413, 423 (2002) ("Under Hawaiʻi law, while 'such notice is disfavored[,]' due process is not violated when notice is made by publication, when, 'in appropriate circumstances, notice by publication alone might be the only reasonable possible or practicable warning.'") (quoting Kepano, 64 Haw. at 10, 635 P.2d at 942).

parties' lien on the Haleakalā Highway Property.

Although "judicial decisions are assumed to apply retroactively," "[w]hen a judicial decision announces a new rule, this court may, in the exercise of its discretion, determine that the interests of fairness preclude retroactive application." Id. (citations omitted). We are mindful of the impact this ruling may have on land titles acquired via an execution sale in which notice was not provided to junior judgment lienholders. Therefore, in order to "mitigate such impact," and in consideration of the Spences' reliance on HRS § 651-43 that only required notice and advertisement of the sale by publication with which the Spences complied, we hold that the applicability of our ruling today shall be restricted to cases where the writ of execution has been filed after the date of this decision. See Kepano, 64 Haw. at 15, 635 P.2d at 946.

In deciding whether this court should exercise its discretion and apply a new rule prospectively, this court considers "(a) the purpose of the newly announced rule, (b) the extent of reliance . . . on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." League of Women Voters of Honolulu, 150 Hawaiʻi at 207, 499 P.3d at 407 (quoting State v.

16

Jess, 117 Hawai'i 381, 401-02, 184 P.3d 133, 153-54 (2008)). "The purpose of weighing these factors is to evaluate whether according retrospective application to a new rule would result in substantial prejudice." Id. If application of the new rule will result in substantial prejudice, "the inequity may be avoided by giving the guiding principles prospective application only." Id. (quoting Catron v. Tokio Marine Mgmt., Inc., 90 Hawai'i 407, 411, 978 P.2d 845, 849 (1999) (citation omitted)).

Applying this framework to the present case, the Spences reasonably relied on the requirements provided in HRS Chapter 651, specifically HRS § 651-43, which does not specify that junior judgment lienholders are entitled to special statutory notice. HRS § 651-43 was enacted in 1859 and has not been amended since 1886. CC 1859 § 1023. While the Spences either knew or should have known of the Winn parties' junior judgment lien, the execution sale of the Haleakalā Highway Property took place ten years ago, and the Spences reasonably relied on the express statutory language and publication notice requirements that existed at the time of the sale.

We also weigh the extent of any prejudice to the parties if our holding were applied to the instant case. Based on Peter Winn's declaration, it is evident from the record that the Winn parties knew, or reasonably should have known, of the Spences'

17

judgment against the Bradys, of Wade Brady's 50% interest in the Haleakalā Highway Property, and of the Spences' intention to obtain Wade Brady's interest in the Property.  Yet the Winn parties did not move to execute on the Property until 2017—despite the Winn parties obtaining a writ of execution on a different Maui property jointly owned by Peter Winn and the Bradys (the Kolepa Property) in an effort to satisfy the Winn parties' judgment.  It was only after the Spences executed on the Haleakalā Highway Property, and the Spences and their relatives had acquired full title to the Property, that the Winn parties took action and motioned for a writ of execution on the Property.

The Winn parties asserted that Katherine Brady's bankruptcy proceeding contributed to the delay in seeking an execution sale of the Property.  However, the record shows that the bankruptcy proceeding created minimal delay.  For example, in June 2013, approximately two months after Katherine Brady filed her notice of bankruptcy in the circuit court, the bankruptcy court lifted the stay on the aforementioned Kolepa Property, and the Winn parties filed a motion for a writ of execution to be levied upon the Kolepa Property.

Furthermore, the Spences filed their writ of execution on the Haleakalā Highway Property in December 2014, more than two

years before the Winn parties sought a writ of execution on the same property.

Since the execution sale, the Spences (along with their relatives Stephen and Valorie Spence) have engaged in additional transactions to obtain sole control and ownership over the Property.  Reinstating the Winn parties' lien on the Property would greatly prejudice the Spences, considering their reliance on the finality of the circuit court's prior order, which confirmed the sale "free" of subsequent or junior liens, and their efforts after the execution sale to obtain joint title to the entire property with Stephen and Valorie Spence.

Based on the equities and the Spences' reliance on HRS § 651-43, we exercise our discretion in deciding the effect of holding for the first time that, pursuant to HRS § 636-3, a recorded judgment constitutes a property interest subject to due process protections.  Aware of the impact of today's decision on past public auctions pursuant to writs of execution, this decision shall apply prospectively only.

## IV.  CONCLUSION

For the reasons above, the ICA correctly held that a junior judgment lienholder with a recorded judgment pursuant to HRS § 636-3 is entitled to notice subject to constitutional due process protections, and under the circumstances of this case,

the Winn parties were entitled to personal notice of the execution sale.  However, the ICA erred in applying this rule to the instant case.  Based on the Spences' reliance and the substantial prejudice reinstating the Winn parties' lien on the Property would pose to the intervenors, we hold that this decision shall apply prospectively to writs of execution filed after the date of this opinion.

Therefore, we reverse the ICA's January 18, 2024 Judgment on Appeal vacating the circuit court's October 11, 2017 Order Granting Intervenors James E. Spence, Beverly C. Spence, Stephen R. Spence, and Valorie A. Spence's Motion for Reconsideration of Order Granting Judgment Creditors Peter J. Winn and Westminster Realty, Inc.'s Ex Parte Motion for First Alias Writ of Execution.

Aaron R. Mun
(Joseph A. Stewart and
Reece Y. Tanaka also
on the briefs) for
petitioners James E. Spence
and Beverly C. Spence

Lance Collins
for respondent Peter J. Winn
and Westminster Realty Inc.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Vladimir P. Devens

/s/ Peter K. Kubota

