T. R. MOSSMAN *v.* S. M. DAMON, J. O. CARTER, W. F. ALLEN, C. M. HYDE and W. O. SMITH, Trustees under the Will of B. P. Bishop.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 18, 1903.     DECIDED FEBRUARY 1, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The return in a case of substituted service of process should show on its face the existence of the conditions under which the statute permits such service. Extrinsic evidence is inadmissible to show this.

A motion to amend a complaint by substituting an alleged newly appointed trustee in the place of an alleged deceased trustee, one of five joint trustee defendants, is properly overruled, when no showing is made that the proposed substitute has been so appointed.

A defect in the service of summons apparent on the face of the return may be taken advantage of by motion to quash.

At common law, service must be made on all of several joint trustee defendants.

The statute (C. L., Sec. 1222), which permits service on less than all of joint or joint and several makers of notes, &c., does not apply to joint trustees in a statutory action at law to quiet title.

A summons or its service may be quashed for failure of the return to show a service on one of five joint trustee defendants, when no alias summons or service is asked for and no amendment of the return is made showing a good original service.

OPINION OF THE COURT BY FREAR, C.J.

This is a statutory action to quiet title. The defendants, appearing specially for the purpose, moved to quash the summons or the service thereof on the ground that it was not served on the

defendant C. M. Hyde. The motion was granted and the plaintiff excepted. He excepted also to several preliminary rulings rejecting offers made by him to remedy the alleged defect.

The return shows that personal service was made on all the defendants except C. M. Hyde, and "on C. M. Hyde by leaving a certified copy of the original herein at the office of the trustees under the will of B. P. Bishop, in charge of A. C. Lovekin, Secretary, at Honolulu, Island of Oahu, on the 14th day of July, A. D., 1899, as directed." It is said that this defendant was then absent from these islands. The statute (C. L., Sec. 1218, as amended by Act 5 of the Laws of 1898) provides that the summons shall be served "upon the defendant, by the delivery to him of a certified copy thereof, and of the plaintiff's petition, * * * or in case the defendant cannot be found, by leaving such certified copy with some agent or person transacting the business of the defendant, or at the defendant's last place of residence." It thus appears that the statute permits substituted service by leaving a copy with an agent only when the defendant cannot be found, and the return does not show that the defendant in question could not be found. It may be that, if it were a fact that he could not be found, the return could have been amended to show that fact, or, if the former attempted service was not good, that a new service could be made. But although the record shows that a motion to allow such an amendment was made, the refusal to allow it is not made the subject of any of the exceptions on which the case is now brought to this court. Whether the refusal was based on the ground that there was not sufficient evidence to show that the defendant could not be found, or on the ground of laches in neglecting to make the motion for more than two years and four months after the motion to quash was made, or on some other ground, does not appear.

Of the exceptions to the preliminary rulings rejecting various offers of the plaintiff made for the purpose of curing the alleged defect in the service or the return thereof, one was to the refusal of the court to allow the plaintiff to prove by affidavit that C. M. Hyde was not within the jurisdiction of the court at the time the return was made; and another was to its refusal to allow

him to prove this by the testimony of the officer who served the writ. It is well settled that statutes which permit substituted service must be strictly followed, that the return of the officer who serves the process, must, taken in connection with the record, show that the conditions existed on which the statute permits substituted service and that the existence of such conditions cannot be shown by extrinsic evidence in order to prove that the service was sufficient. *Settlemier v. Sullivan,* 97 U. S. 444; *The Madison Co. Bank v. Suman,* 79 Mo. 527; *Matteson v. Smith,* 37 Wis. 333; *Clark v. Little,* 41 Ia. 497; *Gardner v. Small,* 17 N. J. L. 162; *Thompson v. Griffis,* 19 Tex. 115.

Another exception was one taken to the refusal to allow in evidence the probate record in the matter of the estate of Bernice P. Bishop which was offered for the purpose of proving that service on three out of five trustees would bind all. It is intimated orally that there is a provision in the will of Bernice P. Bishop to the effect that three of the five trustees may act. Whether such a provision would permit a third party to select three and compel them to act we need not say. It is sufficient to say that there is nothing in the record to show that the will contained such a provision or any provision bearing on this point. We cannot say that error was committed in rejecting the offered evidence.

Another exception to a preliminary ruling was one taken to the refusal of the court to allow the plaintiff to amend the complaint by making one A. W. Carter a party defendant in the place of C. M. Hyde. We cannot say that this ruling was erroneous. Whether the court might properly in the exercise of its discretion have disallowed the proposed amendment on the mere ground of laches, we need not say. So, also, as to whether such a motion could properly be granted at that stage of the proceedings, before the disposition of the question whether the trustees were properly before the court at all. It is claimed that C. M. Hyde died a few months after the commencement of the action and that A. W. Carter took his place as a trustee under the will. But it does not appear that any showing or allegation or statement was made of the appointment of the latter. It is also at

least doubtful if we can consider that any suggestion was made of the death of the former,—although there is a paper, not filed but marked in pencil for identification, purporting to be a motion that on the suggestion of the death of C. M. Hyde "herewith filed", an amendment be allowed by striking out that name wherever it occurs in the petition and inserting in place thereof the name of A. W. Carter and that service of the amended complaint be made on said Carter; and also an affidavit similarly marked but not filed, which appears to have been offered at a different time and for a different purpose, to the effect that C. M. Hyde was absent at the time process was issued and returned, and that he returned soon afterwards and died about a week later. The bill of exceptions and the clerk's minutes show merely that a motion was made to substitute Mr. Carter for Mr. Hyde. They show nothing as to a suggestion of the latter's death or as to any motion for service on Mr. Carter.

The last and main exception was taken to the allowance of the motion to quash the service of summons.

A defect in the service apparent upon the face of the return may be taken advantage of by motion to quash. A plea in abatement is not necessary, as contended by the plaintiff. A plea would be proper if the defect could be shown only by extrinsic evidence. 19 Enc. Pl. & Pr. 707, 709, and cases there cited.

The principal question is whether service on four of the trustees was sufficient. The complaint is against the defendants as trustees under the will of B. P. Bishop. It alleges that they claim the land adversely to the plaintiff, that the plaintiff is desirous of determining said adverse claim, and that they are necessary parties to the complete determination and settlement of the question involved. The prayer is that they may be summoned, &c., and required to set up any adverse claim that they may have, &c. The action is at law. Trustees presumably hold jointly. They are one body—a collective trustee, and service must, in the absence of statutory provision to the contrary, be made on all. Such is the rule at common law. *Barton v. Petit,* 7 Cr. 194; *Draper v. Moriarty,* 45 Conn. 476; *Goodhue v. Palmer,* 13 Ind. 458; *McGeorge v. Bigstone G. I. Co.,* 88 Fed. 599;

*Sayre v. Sayre,* 17 N. J. Eq. 342; 22 Enc. Pl. & Pr. 189; 19 *Id.* 632; 1 Perry, Trusts, Sec. 411. There is no statutory provision here to the contrary applicable to this case. The only statutory provision relied on is C. L., Sec. 1222, which reads as follows:

"It shall be necessary to join as defendants in a civil action, all the joint and several, or joint makers of promissory notes, or drawers of drafts, bills of exchange, or orders, or joint and several obligors, lessees, or parties of the first or second part to covenants, agreements and contracts, in suing for non-payment, non-acceptance, or non-fulfillment thereof, but it shall in no case be necessary to serve all the joint parties sued with process. Service of process upon one of several defendants at law, shall be legal service upon all for the purposes of appearance in Court, and judgment may be entered against all such co-defendants thereon; provided, however, that no execution shall issue against the sole property of any joint defendant on whom process was not duly served as aforesaid."

It being plain that the first portion of this section does not apply, the last portion is relied on. But the last portion is not an independent provision to be read by itself alone. It must be read in connection with the first portion. That would be natural considering the relation of the two parts and their subject matter. Moreover, if the last portion were intended to be read separately, it is so broad that it would be unnecessary to set forth the particulars in the first portion. Again, the first portion concludes with the provision that it shall not be necessary to serve all the defendants joined under that portion. From this it would naturally be inferred, if the last portion were not intended to qualify this, that service on one of several joint defendants would be sufficient to justify execution against the sole property of each as well as the joint property of all, as would be the case if all were served, which, of course, could not have been intended. Further, the last portion, if read by itself, relates to "several defendants" without reference to whether they are "several joint" or "several several" defendants. It is only when read in connection with the first portion that this is shown to mean "several joint" or "several joint and several" defendants, and not "several several" defendants.

Whether it is too late for the plaintiff to take further steps that will be of avail to him we do not know. He had nearly two and a half years in which to remedy the alleged defect, and after the motion to quash was finally called up 'for disposal, continuances were twice granted in order to give him opportunity to do what he could, and after one of the hearings the order allowing the motion to quash was set aside and a further hearing granted before the order was made finally.

The exceptions are overruled and the case remanded to the Circuit Court for such further proceedings as may be proper consistent with this opinion.

*W. R. Castle, P. L. Weaver* and *W. L. Whitney* for plaintiff.
*Kinney & McClanahan* and *S. H. Derby* for defendants.