IN THE MATTER OF THE COMPLAINT OF
JACK E. VOCKRODT AND EUPHENCE F. VOCKRODT
TO ESTABLISH TITLE TO LAND SITUATE ON THE
ISLAND OF MAUI.

No. 4623.

January 5, 1968.

Richardson, C.J., Mizuha, Marumoto,
Abe and Levinson, JJ.

OPINION OF THE COURT BY LEVINSON, J.

On August 31, 1966, the appellees filed a complaint, pursuant to R.L.H. 1955, as amended, § 242-1 (b) ,[1] entitled "IN THE MATTER OF THE COMPLAINT OF JACK E. VOCKRODT AND EUPHENCE F. VOCKRODT, To establish title to land situate on the Island of Maui." The complaint did not name any defendants but requested that the court enter a decree stating that the appellees are the owners of the land in fee simple. The complaint alleged that the appellees had been in adverse possession of the land therein described for more than ten years, that no other persons had an interest in the land, and that there are persons who may claim an interest in the land but cannot

[1]Section 242-1 (b) reads:
   Action for the purpose of establishing title to real property may be brought in any of the circuit courts by any person who has been in adverse possession of such real property for not less than ten years.

be found. It also contained a list of persons owning adjoining land and persons in possession of adjoining land, and their addresses where known.

The complaint was not accompanied by a summons, but on September 1, 1966 an order for notice of a hearing to be held October 19, 1966 was signed by the Judge and filed. Pursuant to said order, the appellees published, in a newspaper prescribed by the court, a notice that a hearing on their claim was set for October 19 and posted a copy of the notice on the property. The clerk of the court sent by registered mail a certified copy of the notice and the complaint to every person named in the complaint and whose address was known.

On October 19, the appellants, who are four of the adjoining landowners, moved to dismiss the complaint for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

On October 28, the trial court entered the defaults of all persons except twenty-one persons who had appeared at the hearing on October 19. Those twenty-one were given until December 1 to answer the complaint.

On November 28, the trial court denied the appellants' motion to dismiss the complaint. On December 2, the court granted the appellants permission to file an interlocutory appeal. They filed their notice of appeal on December 12.

On December 5, the trial court entered the defaults of fifteen of the twenty-one persons who had appeared at the hearing for failure to file answers or otherwise move as to the complaint. On December 13, the clerk of the court entered a default judgment against two parties who had filed answers but had failed to answer written interrogatories.

We hold that the trial court erred in denying the appellants' motion to dismiss the complaint as to them. We reach this conclusion solely by reference to the statutes.

In 1959, the legislature amended chapter 242 of the Revised Laws of Hawaii 1955, relating to actions to quiet title. To the original § 242-1, which provided for an in personam action, it

added subdivision (b) which made it clear that persons claiming interests by adverse possession could also bring an action to quiet title, Sen. Standing Com. Rep. No. 265, Sen. J. 1959, at 719. The language of subdivision (b) in itself does not indicate whether the adverse possessor's action is in personam or in rem.

As part of the same amendment, the legislature added two further provisions, now R.L.H. 1955, as amended, §§ 242-2.1[2] and 242-2.2.[3] A fair reading of § 242-2.2 might support the inference that the legislature intended to convert the quiet title action from an in personam action to an in rem action. But it could as logically be construed to keep the basic in personam action and add to it an in rem action as to persons who cannot be found. Contrary to the appellants' contention, the legislature constitutionally could make the action to quiet title in rem, *Hart* v. *Sansom*, 110 U.S. 151 (1884).

> The well-being of every community requires that the title to real estate therein shall be secure, and that there be convenient and certain methods of determining any unsettled questions respecting it. The duty of accomplishing this is local in its nature; it is not a matter of national concern or vested in the general government; it remains with the State; and as this duty is one of the State, the manner of discharging it must be determined by the State, and no proceeding which it provides can be declared invalid, unless in conflict with some special inhibitions of the Constitution, or against natural justice. *Arndt* v. *Griggs*, 134 U.S. 316, 321 (1890).

The purpose of this statute is to determine title to real property located within this state. Of course, the fact that the subject

---

[2]Section 242-2.1 reads as follows:

Notice by publication. In any action brought under section 242-1 (b), if there are persons who may claim interests in the property adverse to the plaintiff and cannot be found, notice in the form required by section 342-25 shall be published in a newspaper of general circulation and the provisions of section 342-26 shall also be made applicable therein.

[3]The relevant portion of § 242-2.2, reads:

By the description in the notice "to all whom it may concern", all the world are made parties defendant and shall be concluded by the default and order.

matter of an action is one which could support an in rem action does not make every action involving that subject matter in rem. With two narrow exclusions, in rem actions were nonexistent at common law, *C. J. Hendry Co.* v. *Moore*, 318 U.S. 133, 137 (1943).

> By the common law process, whether of mesne attachment or execution, property is reached only through a personal defendant, and then only to the extent of his title. *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 427 (1866).

We decline to construe the three provisions added to the statute in 1959 as converting the in personam action to quiet title into a completely in rem proceeding. The provisions are too unclear and the subject matter too important for this court to take such a significant step without a clearer legislative indication. As Justice Frankfurter observed in construing a federal statute,

> Familiar but loose language affords too ready a temptation for comprehensive but loose construction. We therefore think it imperative in this case to confine ourselves as much as possible to what is in dispute here. *Automatic Canteen Co.* v. *F.T.C.*, 346 U.S. 61, 65 (1953).

This court has refused to be overly technical in construing statutes, *Yoshizaki* v. *Hilo Hospital*, 50 Haw. 150, 433 P.2d 220 (1967). Nevertheless, there are situations in which ignoring the clear language of a statute would improperly result in reading out of a statute key words. This we will not do in a statute involving real property and where we would thereby be reversing, literally, centuries of common law practice. There are several different patterns which the legislature may use if it wishes to clarify further the law relating to actions to quiet title.[4]

We construe § 242-2.1, as the words of the statute provide, to apply only to persons who cannot be found. The section contains two qualifying provisions. The persons to be served must be potential claimants and they must be persons who "cannot be found." If the statute contained a comma before the phrase

---

[4]For example, *compare* Ariz. Rev. Stat. Ann. §§ 12-1101 to -1103 (1956), *with* Cal. Civ. Proc. Code Ann. § 738, *et seq.* (1955); *see also*, Note, *Enhancing the Marketability of Land: The Suit to Quiet Title*, 68 Yale L.J. 1245 (1959).

"and the provisions of section 342-26 shall also be made applicable therein", we might construe "therein" to refer back to the opening phrase "In any action brought under section 242-1 (b) ." As the statute now reads, the general requirements apply both to the provision that notice by publication be in the form prescribed by § 342-25 and to the provision that § 342-26 shall be applicable. To permit notice to be given to a person who can be found by the same method prescribed specifically for persons who cannot be found would be to disregard one of the basic qualifications on the section's applicability.[5]

There are additional considerations which induce us so to construe the statute. Were we to construe it as the appellees suggest, as providing only an in rem action and permitting service upon all parties by the same method, we would be providing a landowner with virtually the same relief which he obtains under a land court proceeding. But the action to quiet title lacks the significant safeguards provided in a land court proceeding.[6] Before we will construe a statute providing the same remedy in a simple action, lacking the full protective features of a land court proceeding, the legislature must indicate more clearly its desire to provide that alternate remedy.

As to the appellants, the action was in personam. The method provided by the statute and the rule for service of process is per-

---

[5]While on the Supreme Judicial Court of Massachusetts, Justice Holmes concluded that residents and non-residents were indistinguishable for purposes of notice in an in rem action, *Tyler* v. *Judges*, 175 Mass. 71, 55 N.E. 812 (1900). The Supreme Court, however, consistently has recognized the difference between persons who can be found and those who cannot be found.

This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306, 317 (1950).

[6]In land court proceedings, the attorney general is required to contest an application where there are grounds for a contest but no adverse claimant has raised them, R.L.H. 1955, § 342-28. In addition there is a provision enabling a person who lost his interest in the property as a result of land court proceedings without negligence on his part to bring an action to recover compensation for the loss, R.L.H. 1955, § 342-99.

sonal service, R.L.H. 1955, § 230-28, Rule 4 (d), H.R.C.P. The appellees failed to follow the prescribed procedure and therefore the motion to dismiss should have been granted, *Tropic Builders, Ltd.* v. *Naval Amm. Depot,* 48 Haw. 306, 402 P.2d 440 (1965); *Mossman* v. *Damon,* 15 Haw. 401 (1904).[7]

On remand, the trial court should determine whether any of the parties that have been defaulted were entitled to personal service under this opinion. It should vacate such default orders. In addition, it should dismiss the complaint, without prejudice, as to those parties and the appellants.

Reversed and remanded.

*Helen B. Ryan* (*Clark, Corey, Robinson, Ryan & Ryan* of counsel) for defendants-appellants.

*William F. Crockett* (*Crockett & Langa* of counsel) for plaintiffs-appellees.

---

[7]Even were we to conclude that the statute created an in rem action, the procedure adopted by the appellees would have been improper.

Personal service of written notice within the jurisdiction is the classic form of notice always adequate in any type of proceeding. *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 313 (1950).

In the absence of a clear intention on the part of the legislature to permit some other method of giving notice, we will require this method.