CAROLINE JEAN GOMES FREITAS, ALSO KNOWN
AS CARRIE G. FREITAS *v.* COSIE LUIZ GOMES,
ALSO KNOWN AS MARIA COSIE GOMES, AND
JOSEPH GOMES.

No. 4893.

JULY 7, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The question raised in this case is whether the admission of the decedent's will to probate and the distribution of his estate in the probate proceedings bars the plaintiff's present action to construe the will and obtain a declaratory judgment as to the rights of the respective beneficiaries.

The testator, Manuel Gomes, Sr., died on November 30, 1959, leaving real property appraised at $2,747,120.00 and personal property appraised at $347,772.00. In his will, among other dispositions not relevant to this case, the testator made provisions for two trusts. Into one trust, contained in paragraph seven of his will, the testator put stock and real property with the income to be paid to his wife, Cosie, for life, and on her death the remainder was to be distributed "as may be directed by the Will of my Wife, Cosie Luiz Gomes." This trust will be hereinafter referred to as the paragraph seven trust.

Out of the will's other trust, as contained in paragraph eight, the income was to go to the testator's wife for life and the remainder to certain named children and grandchild including the plaintiff, Carrie G. Freitas, who was the testator's daughter. This trust will be hereinafter referred to as the paragraph eight trust.

The will contained two other provisions relevant to this appeal. It had an *in terrorem* or "no contest" clause which provided that if any legatee began any proceeding to contest or attempt to set aside the will, the legacy or interest of such person would be forfeited and, in lieu of the provision in the will for such person, $2,000 was bequeathed to him. The will also made reference to a will which the testator's wife made and published on the same day the testator executed his will. Her will purportedly devised and bequeathed certain property, which was to be given by the testator to his wife by his will, to those children and grandchild and their heirs who would not take

under the testator's will. In the event that his wife did not leave anything to the children according to the will she executed that day, the testator left a bequest of $5,000 to each of them.

Nine of the children named in the paragraph eight trust decided to contest the probate of the will as it appeared that most of the property would go into the paragraph seven trust with the paragraph eight trust receiving few, if any, assets. The contestants later entered into a compromise agreement with the defendants who are trustees of the paragraph seven trust and principal beneficiaries of the will. Under the agreement the nine children were to receive some Honolulu real property. The agreement was approved by the court and the will was duly admitted to probate.

The plaintiff was not a party to the compromise agreement and nothing was distributed to her under the will. All of the real and personal property remaining was distributed by the court to the defendants as trustees under the paragraph seven trust and nothing went into the paragraph eight trust. The plaintiff conceded in oral argument that it was proper for no assets to have been distributed to the paragraph eight trust and she seeks nothing from that trust.

The plaintiff asks for a construction of the will, a declaratory judgment as to the rights of the named beneficiaries under the will, and an accounting by the trustees. Her theory is that the testator intended to give the wife a power of appointment in the paragraph seven trust merely to avoid taxes and that the wife was obligated by the will itself to exercise her power in favor of the children and grandchild including the plaintiff. This she argues is evident from a reading of the will itself. The plaintiff alternatively argues that there was a contract between the testator and his wife that the wife would make a

specific will and that the plaintiff is a beneficiary of that contract and claims under it. Further, the plaintiff argues that the "no contest" clause of the testator's will was violated by nine of the children so that their interests are void except for the $2,000 conditional bequest to each of them in the event of a contest.

The defendants moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief could be granted. H.R.C.P., Rule 12(b)(6). The trial court granted summary judgment, considering the "contents of the documents on file" in the probate proceeding.[1] The basis for the court's grant of summary judgment was that the probate court's final decree of distribution on September 12, 1963 placing all of the remaining property into the paragraph seven trust was "res judicata of all issues raised by plaintiff's complaint." In this respect we must ask first if the plaintiff's interests as alleged in the complaint were indeed determined by the probate court in its decree and, second, if they were, was this *res judicata* of the plaintiff's claim?

## I. JURISDICTION OF THE PROBATE COURT.

The probate court's jurisdiction is found in HRS §§ 531-1 to 531-34. Our circuit courts sitting in chambers have jurisdiction over the probate of wills and the administration of decedents' estates. HRS § 531-1. In a proceeding to probate a will the question to be determined is whether the document presented is the valid last will of a

---

[1] The trial court may on its own motion consider facts subject to judicial notice in support of or in opposition to a motion for summary judgment. Ellis v. Cates, 178 F.2d 791 (4th cir. 1949), *cert. denied* 339 U.S. 964 (1950) ; 6 Moore, Federal Practice § 56.11[9] at 2207 (1966).

We consider the record of the probate proceeding as "presented" to the trial court within the rule that a motion to dismiss is converted into a motion for summary judgment where matters outside the pleadings are presented to and not excluded by the court. Richards v. Midkiff, 48 Haw. 32, 396 P.2d 49 (1964).

decedent. In this respect "the only proper and necessary matters for consideration and determination are the testamentary capacity of the testator, the due execution of the will in accordance with the statutory requirements, and the presence or absence of fraud, mistake or undue influence. . . ." *In re Estate of Wolters,* 27 Haw. 136, 140 (1923). Yet while the probate court is without jurisdiction to entertain a direct proceeding solely instituted for the interpretation and construction of a will or the determination of the validity of a particular testamentary bequest or devise, such matters are within the power of the probate court to decide, to the extent necessary to make any authorized decree, especially when they are involved in the settlement and distribution of the testator's estate.[2] The final decree of distribution of a decedent's assets is a conclusive determination of the validity of the will and the legal rights of all parties to whom the estate is to be presently distributed to receive it for themselves or as trustees.

In the present case the relevant part of the decree distributed the property to the defendants as trustees of the paragraph seven trust. Insofar as any necessary determination of persons entitled to the property was made, such determination extended only to the trustees of the paragraph seven trust who received the assets in their fiduciary capacity. In no way was any determination of the trust's beneficiaries brought into issue. Counsel for the defendants has argued that such a determination was the necessary implication of the decree of distribution. We disagree. The probate court's jurisdiction to construe the terms of a will is limited strictly to that necessary to perform its primary function of determining the validity of

---

[2] Kam Chin Chun Ming v. Kam Hee Ho, 45 Haw. 521, 540, 371 P.2d 379, 392-93 (1962) ; 4 Page, *Wills* § 31.1 at 172-73 (Bowe-Parker ed. 1961) ; Atkinson, *Wills* § 264 at 752 (1937).

the will and distributing the estate. *Kam Chin Chun Ming* v. *Kam Hee Ho,* 45 Haw. 521, 371 P.2d 379 (1962), makes this clear in its discussion of the predecessor to HRS § 531-14 where the court said ". . . the making of an order for distribution of income from real estate necessarily requires determination for that purpose of the persons entitled to the real estate. . . ." *Id.* at 540, 371 P.2d at 392-93.

The determination of those entitled to the real estate extended only to the legal trustees in the present case, not to the persons having a beneficial interest in that trust. No interest which the plaintiff now claims is hers under the trust was adjudicated in the probate proceeding because of the limited scope of the jurisdiction of the probate court. Therefore, the conclusion of the court below was incorrect and the plaintiff must be given her day in court on the questions raised concerning the construction of the trust, the declaratory judgment on the beneficial interests and the accounting by the trustees. That part of the plaintiff's allegation concerning the "no contest" clause presents greater difficulty, however, and must be dealt with separately.

## II. THE EFFECT OF THE PROBATE AND ADMINISTRATION PROCEEDING ON THE NO CONTEST PROVISION OF THE WILL.

The plaintiff alleges in her complaint that the will contest by nine of the testator's children, later compromised by them and the defendants, violated the no contest provision of the testator's will which changes the position and rights of the legatees under the will. The defendants argue that since the will was admitted to probate and the final decree of distribution was made, the plaintiff is barred from asserting her rights under the no contest provision by the doctrine of *res judicata.*

We agree with the defendants' position that *res judicata* would bar the plaintiff's present contention assuming that the notice provision of HRS § 531-14 affords the plaintiff constitutionally sufficient notice when the judge does not prescribe any method of giving notice in addition to publication. In admitting the will to probate and distributing the estate, a necessary determination of the effect of the no contest provision was made even though it may not have been raised in an adversary context. In order to approve the compromise agreement the judge necessarily determined that the no contest clause was somehow inapplicable, otherwise he would have had to follow the will's directions and give only $2,000 to each of the contestants.

This then brings us to the constitutionality of the notice provision contained in HRS § 531-14. That statute provides that real estate devised in a will may be distributed after proper notice by publication of a hearing has been had in addition to such other notice as the judge may, in his discretion, prescribe. The pertinent part of the statute is set out in the footnote below.[3] The question is whether, when notice is by publication only, this statutory

---

[3] HRS § 531-14 provides in pertinent part:

. . .

The judge having jurisdiction of the estate may, upon the application of the executor or administrator or of any person claiming as heir or devisee, at any time, by order of court, terminate the possession and control of the executor or administrator as to the whole or any part of the real estate and, in that connection, shall determine the heirs or devisees entitled thereto, and their respective estates or interests. No such order or determination shall be made except after a hearing, of which notice has been given by publication in such newspaper as the judge may order at least once a week for four successive weeks (four insertions), the last publication to be not less than ten days previous to the time appointed for the hearing, and by such additional method, if any, as the judge may, in his discretion, prescribe. The order shall be conclusive as to the rights of heirs and devisees, subject only to be reversed, set aside, or modified on appeal. A certified copy of the order shall be recorded in the bureau of conveyances, and if the land affected has been registered in the land court, a like copy shall be filed in the office of the assistant registrar of the court.

scheme complies with the due process requirement of the fourteenth amendment of the United States Constitution which requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

Procedural due process requires that, under all the circumstances, notice must be reasonably calculated to apprise interested parties of the pendency of any proceeding which is to be accorded finality. *Mullane v. Central Hanover Bank & Trust Co., supra* at 314.[4] It has been thought in the past that the traditional methods of estate administration including notice by publication are so rooted in the common law that they cannot be considered a violation of due process, and further that the fact of death itself is likely to import notice of proceedings. Yet historical procedures must yield to changing concepts of fairness which the due process clause requires.[5]

A requirement that there be a reasonable probability that all interested parties are noticed of the pendency of a

---

[4] In addition to Mullane the United States Supreme Court has held that a standard of reasonable diligence is required in seeking out interested parties in the following cases. Bank of Marin v. England, 385 U.S. 99 (1966) (bankruptcy) ; Walker v. City of Hutchinson, 352 U.S. 112 (1956) (resident property owners in eminent domain proceedings) ; Covey v. Town of Somers, 351 U.S. 141. 146 (1956) (tax foreclosure against property of an incompetent who had no guardian) ; City of New York v. New York, N.H.&H.R.R., 344 U.S. 293. 296 (1953) (creditors in bankruptcy proceeding) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best.") ; Standard Oil v. New Jersey, 341 U.S. 428 (1951) (escheat).

This court alluded to a requirement of personal notification whenever possible in In re Complaint of Vockrodt, 50 Haw. 201, 206 n.7, 436 P.2d 752, 755 n.7 (1968) citing Mullane, *supra* at 313.

[5] While it was once generally accepted that notice of the pendency of a proceeding according finality to a decree of distribution is satisfied by publication, such notice requirements are now constitutionally suspect and no longer on firm ground. See Note, *Requirements of Notice in In Rem Proceedings*, 70 Harv. L.Rev. 1257, 1269-70 (1957).

proceeding accorded finality does not breach the "limits of practicality" cautioned by *Mullane, supra* at 318, by increasing delay and cost. The mails are fast and inexpensive when compared with the chance that an interested and potentially successful party might not find out about the proceeding and thereby fail to have his interest represented therein.[6] The notion that death imports notice is plainly a makeweight reason based on general probabilities not the facts of a specific case. Accordingly, we hold that notice of the pendency of a proceeding in the administration of an estate which affords finality to a decree of distribution must, in addition to being published as required by the statute be mailed, where the names and addresses of interested persons are known, or by reasonable diligence can be ascertained by executors or administrators, unless notice is otherwise personally served. The notice by publication provided by HRS § 531-14 is therefore constitutionally insufficient by itself because it was not supplemented by notice by mail or personal service. The order of September 12, 1963 issued by the probate court cannot have the effect of *res judicata* on the plaintiff's claims concerning the no contest clause of the will. The trial court should not have granted summary judgment on the complaint.

Reversed and remanded for proceedings consistent with this opinion.

*Leon L. M. Chun* for plaintiff-appellant.

*Tom C. Leuteneker* (*Carlsmith, Carlsmith, Wichman and Case* of counsel) for defendants-appellees.

---

[6] As the United States Supreme Court in Mullane, *supra* at 315 said: "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed."