<span style="color:red">**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000806**
**19-DEC-2023**
**08:02 AM**
**Dkt. 93 OP**</span>

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o—

PETER J. WINN, WESTMINSTER REALTY, INC.,
Plaintiffs-Appellants
v.
WADE BRADY and KATHERINE T. BRADY, individually and
as trustees of the WADE K. BRADY FAMILY TRUST,
CONTEMPORARY KAMAʻAINA, LLC, WESTMINSTER REALTY, INC.
as trustee of the 2806 KOLEPA PLACE TRUST DATED
DECEMBER 14, 2010, ERIC L. KEILLOR, ERIC S. HART,
Defendants-Appellees,
and
JAMES E. SPENCE, BEVERLY C. SPENCE, STEPHEN R. SPENCE,
and VALORIE A. SPENCE, Intervenors-Appellees,
and
JOHN DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,
Defendants

NO. CAAP-17-0000806

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0087(1))

December 19, 2023

GINOZA, CHIEF JUDGE, WADSWORTH and NAKASONE, JJ.

OPINION OF THE COURT BY GINOZA, CHIEF JUDGE

Plaintiffs-Appellants Peter J. Winn (**Winn**) and
Westminster Realty, Inc. (collectively **the Winn Parties**) appeal

from the post-judgment "Order Granting Intervenors James E. Spence, Beverly C. Spence, Stephen R. Spence, and Valorie A. Spence's Motion for Reconsideration of Order Granting Judgment Creditors Peter J. Winn and Westminster Realty, Inc.'s Ex Parte Motion for First Alias Writ of Execution" (**Order Granting Spence Motion for Reconsideration**), filed October 11, 2017, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

This appeal arises because the Winn Parties claim that as known lienholders for the subject **Haleakalā Highway Property**, they were entitled to personal or actual notice of an execution sale[2] initiated by Intervenors-Appellees James E. Spence (**James**) and Beverly C. Spence (**Beverly**) (collectively, **the Spences**), regardless of their junior position to the Spences.  The Spences had a judgment against Defendant-Appellee Wade Brady (**Brady**), and separately, the Winn Parties also had a judgment against Brady. Brady, in turn, held a joint tenant interest in the Haleakalā Highway Property.[3]  The Spences executed their judgment on the Haleakalā Highway Property without personal or actual notice to the Winn Parties.[4]

The Circuit Court held that the Winn Parties were not entitled to actual notice of the execution sale from the Spences, and that the Winn Parties' junior lien on the Haleakalā Highway Property was extinguished.

---

[1]  The Honorable Rhonda I.L. Loo presided.

[2]  An "execution sale" is "[a] forced sale of a debtor's property by a government official carrying out a writ of execution."  Black's Law Dictionary 1604 (11th ed. 2019).  See generally Hawaii Revised Statutes (**HRS**) Chapter 651, Part II (Execution) (providing statutory authority for executions upon judgments or decrees of a court).

[3]  Brady and Wesley Nohara were joint tenant owners of the Haleakalā Highway Property.

[4]  As explained in more detail infra, the high bidder at the execution sale was a company for which the Spences served as managers.  Subsequently, a 50% interest in the Haleakalā Highway Property was transferred to the Spences. The other 50% interest in the property was acquired by Intervenors-Appellees Stephen R. Spence and Valorie A. Spence, who were not involved in the execution sale of the property.

On appeal, the Winn Parties contend the Circuit Court erred by: (1) concluding that the Winn Parties were not entitled to personal or actual notice of the execution sale of the Haleakalā Highway Property, which violated their constitutional right to due process; (2) concluding that the Winn Parties' junior lien on the Haleakalā Highway Property was extinguished by the execution sale, for which the Winn Parties did not receive personal or actual notice; and (3) failing to consider that the Spences benefitted from the failure to provide the Winn Parties with proper notice of the execution sale.[5]  The Winn Parties' first two points of error are dispositive.

We hold that the Winn Parties' recorded judgment lien, pursuant to Hawaii Revised Statutes (**HRS**) § 636-3 (Supp. 2012),[6] created a property interest in the Haleakalā Highway Property. The Winn Parties were thus entitled to notice consistent with due process when the Spences conducted the execution sale of the Haleakalā Highway Property under HRS Chapter 651.  The notice provided to the Winn Parties did not meet due process standards. We thus vacate the Order Granting Spence Motion for Reconsideration entered by the Circuit Court and remand this case for further proceedings.

---

[5]  The Winn Parties also assert the Circuit Court erred in not rejecting the Spences' argument that the Winn Parties were estopped from raising their due process claims.  In the Circuit Court, the Spences argued estoppel on grounds that the Winn Parties failed to provide actual notice to them for an execution sale on another property.  We need not reach this issue because the Circuit Court did not rule on estoppel grounds and the Spences do not argue estoppel in this appeal.

[6]  HRS § 636-3 (Supp. 2012) provides, in relevant part:

> **Judgment, orders, decrees; lien when.**  Any money judgment, order, or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances.

(Emphasis added.)

## I.   Background
### A.   The Winn Action - This Case

On January 25, 2012, the Winn Parties commenced this case by filing a Complaint against Defendants-Appellees Wade Brady and Katherine T. Brady (collectively, **the Bradys**), Individually and as Trustees of the Wade K. Brady Family Trust, and Contemporary Kamaʻaina, LLC (**Contemporary Kamaʻaina**), amongst others, in Civil No. 12-1-0087(1) (**Winn Action**).  The Winn Parties alleged, *inter alia*, breach of a joint venture agreement to develop a property in Lahaina, Maui.  On January 17, 2013, the Circuit Court entered an Amended Judgment in favor of the Winn Parties and against the Bradys and Contemporary Kamaʻaina, awarding approximately $955,000 for the breach of the joint venture agreement, and attorney's fees and costs (**Winn Judgment**). The Winn Judgment was recorded in the State of Hawaiʻi Bureau of Conveyances (**Bureau of Conveyances**) on February 6, 2013.

### B.   The Spence Action

In a separate action, the Spences obtained a judgment in Civil No. 08-1-0584(1) (**Spence Action**) against the Bradys and other parties, jointly and severally, on October 28, 2010, for approximately $152,000 (**Spence Judgment**).  The Spence Judgment was recorded in the Bureau of Conveyances on March 9, 2011.

On October 17, 2014, the Circuit Court granted the Spences an *ex parte* motion for writ of execution on the Haleakalā Highway Property.  On December 19, 2014, pursuant to HRS § 651-38 (2016),[7] the Spences obtained a First Alias Writ of Execution

---

[7]  HRS § 651-38 provides:

> **Alias Writs.**  Any circuit court, out of which an execution has been issued, if such execution has been returned unsatisfied wholly or in part, may issue an alias execution to the same circuit, or an execution leviable in some other circuit, for the satisfaction of the unpaid remainder of the judgment and additional costs, expenses, and commissions, which alias or testatum writ of execution shall be served in like manner as the original.

In other words, alias writs of execution may be issued when the original writ of execution is not satisfied.

4

against Wade Brady's joint-tenant interest in the Haleakalā Highway Property (**Spence First Alias Writ of Execution**). Attached to the Spence First Alias Writ of Execution as an exhibit was a Status Report for the Haleakalā Highway Property, which listed the Winn Judgment and the Spence Judgment as exceptions to title.

After recording the Spence First Alias Writ of Execution on Wade Brady's interest in the Haleakalā Highway Property, the Spences posted written notices of the execution sale in accordance with HRS § 651-43 (2016)[8] on January 4, 2015.[9] No actual or personal notice was provided to the Winn Parties. On June 3, 2015, the Circuit Court granted the Spences' motion to confirm the sale of the Haleakalā Highway Property in the amount of $25,001, and directing that the property be conveyed to Haleakala Estate Properties, LLC (**HEP LLC**) as the highest bidder.

Subsequently, by way of a quitclaim deed recorded on October 13, 2016, HEP LLC and Wesley Nohara, as grantors, conveyed an undivided 50% interest in the Haleakalā Highway Property to the Spences, and conveyed the other undivided 50% interest in the property to Stephen Spence (**Stephen**) and Valorie Spence (**Valorie**). The quitclaim deed was executed for HEP LLC by the Spences as its managers.

---

[8] HRS § 651-43 provides:

> The officer shall, after levy, advertise for sale the property levied upon, whether real or personal, for thirty days, or for such time as the court shall order, by posting a written or printed notice in three conspicuous places within the district where the property is situated, and if on the island of Oahu, by advertisement thereof at least three times in one or more newspapers published in Honolulu.

[9] The Spences posted written notice at four locations: (1) the front door of the Haleakalā Highway Property; (2) the public bulletin board outside of the Makawao Public Library; (3) a "public posting board" at the Wailuku Courthouse; and (4) the Makawao post office.

### C. The Winn Parties Contest the Sale of the Haleakalā Highway Property

In this case, on May 23, 2017, the Winn Parties filed an ex parte motion for first alias writ of execution on the Haleakalā Highway Property (**Winn Motion for First Alias Writ of Execution**),[10] arguing that HEP LLC's purchase of the Haleakalā Highway Property is subject to the Winn Judgment because the Winn Parties were not provided notice of the execution sale.

The Circuit Court granted the Winn Motion for First Alias Writ of Execution on May 23, 2017 (**Order Granting Winn First Alias Writ of Execution**). On June 7, 2017, the Spences, Stephen, and Valorie filed a motion to intervene in this case with respect to the Order Granting Winn First Alias Writ of Execution. On July 18, 2017, the Circuit Court granted the request to intervene. On July 20, 2017, the Winn Parties filed a Motion to Amend First Alias Writ of Execution or, in the Alternative to Issue Second Alias Writ of Execution (**Winn Motion to Amend First Alias Writ of Execution**) based on new information that HEP LLC had transferred title to the Haleakalā Highway Property to the Spences, Stephen, and Valorie. On July 26, 2017, the Spences, Stephen, and Valorie filed a motion for reconsideration of the Order Granting Winn First Alias Writ of Execution (**Spence Motion for Reconsideration**) requesting that the Circuit Court reverse the order. They argued that the Order Granting Winn First Alias Writ of Execution was moot in that HEP LLC no longer owned the Haleakalā Highway Property, the Winn Parties had no right to the Haleakalā Highway Property because their lien was extinguished by the execution sale, and the Winn Parties' argument regarding the lack of notice of the execution sale was without merit.

At a hearing on August 22, 2017, the Circuit Court denied the Winn Motion to Amend First Alias Writ of Execution, stating:

---

[10] The Circuit Court had previously granted the Winn Parties a writ of execution pursuant to HRS § 651-36 (2016) on June 25, 2013.

> The Court having had an opportunity to review the motion, the opposition, the reply, having heard the oral arguments in court this morning, the Court's going to deny [the] motion for -- to amend the first alias writ of execution or, in the alternative, to issue a second alias writ of execution.
>
> The Court does find clearly that Mr. Winn sat on his rights for many years. The Court also finds that Mr. Winn's junior lien was extinguished back in 2015, and that, lastly, though you folks have made good arguments, the Court believes as well that Mr. Winn was not entitled to actual notice.

On October 11, 2017, the Circuit Court entered the Order Granting Spence Motion for Reconsideration. The effect of this order is to preclude the Winn Parties from executing the Winn Judgment on the Haleakalā Highway Property.

The Winn Parties timely appealed.

## II. Standards of Review

### A. Constitutional Questions

"The appellate court reviews questions of constitutional law de novo, under the right/wrong standard." Hussey v. Say, 139 Hawaiʻi 181, 185, 384 P.3d 1282, 1286 (2016) (citation, underlining, and internal quotation marks omitted).

### B. Statutory Interpretation

"The interpretation of a statute is a question of law reviewable de novo." Ka Paʻakai O KaʻAina v. Land Use Comm'n, 94 Hawaiʻi 31, 41, 7 P.3d 1068, 1078 (2000) (quoting Amantiad v. Odum, 90 Hawaiʻi 152, 160, 977 P.2d 160, 168 (1999)).

## III. Discussion

### A. The Winn Parties Were Entitled to Notice Reasonably Calculated to Apprise Them of the Execution Sale and Provide an Opportunity to Object

On appeal, the Winn Parties contend their constitutional right to due process was violated because they were entitled to, and did not receive, personal or actual notice of the execution sale of the Haleakalā Highway Property as known judgment creditors of the Bradys. In particular, the Winn Parties argue due process requires that they be afforded notice reasonably calculated under the circumstances to inform them of the execution sale, and that compliance with the posting of

7

notice under HRS § 651-43 did not constitute notice reasonably calculated under the circumstances given evidence of the Spences' communications with Winn and knowledge of the Winn Parties' interest in the Haleakalā Highway Property.  The Spences do not dispute that they had knowledge of the Winn Parties' recorded judgment against the Bradys, and they also do not dispute Winn's declaration stating that they knew how to contact him.

The Spences contend that pursuant to HRS § 651-43, the Winn Parties were not entitled to notice beyond posting. Further, the Spences contend that as junior judgment creditors of the Bradys, the Winn Parties did not have constitutionally protected property rights in the Haleakalā Highway Property.

**1.    The Winn Parties had a property interest in the Haleakalā Highway Property**

The threshold inquiry is whether a recorded judgment serves as a lien on a property, entitling the lienholder to notice according to due process.  The Winn Parties assert, pursuant to HRS § 636-3, that the Winn Judgment was a recorded lien and they had a property interest in the Haleakalā Highway Property.

The Spences contend, to the contrary, that a judgment does not create a property right, only a right to levy on the property.  The Spences cite to Lindsey v. Kainana, 4 Haw. 165 (Haw. Kingdom 1879), for the proposition that because "[Hawaiʻi has] no statute making a judgment of Court of Record a lien upon real estate in the nature of a subsisting incumbrance[,]" a "judgment constitutes no property or right in the land.  It only confers a right to levy on the same." Id. at 168-69.  The Spences also cite In re Lopez' Estate, 19 Haw. 620 (Haw. Terr. 1909), for a similar proposition that "a judgment of itself gives no lien and a creditor gains nothing by obtaining it." Id. at 623.

The Winn Parties respond that Kainana and In re Lopez' Estate are inapposite because those cases relied on the lack of any statutory authority at the time the cases were decided making a recorded judgment a lien on property.  The Winn Parties argue

both cases were decided prior to 1913, when the Legislature first enacted a statute allowing a recorded judgment to become a lien on real property. Pursuant to HRS § 636-3, the statute in effect when the execution sale in this case occurred, the Winn Parties contend the recorded Winn Judgment created a lien on the Haleakalā Highway Property and a property interest.

The Winn Parties' analysis is persuasive. The predecessor to HRS § 636-3 was adopted in 1913, after the Kainana and In re Lopez' Estate decisions were issued. 1913 Haw. Sess. Laws Act 32, § 1 at 36. Although there is no case law explicitly interpreting HRS § 636-3 as creating a property interest in real property that entitles a lienholder to due process, the Hawaiʻi Supreme Court has stated that "HRS § 636-3 grants a judgment creditor an automatic lien on any real property of the judgment debtor." Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 4 n.8, 200 P.3d 370, 373 n.8 (2008) (emphasis added). Here, under HRS § 636-3, the Winn Parties were judgment lienholders on the Haleakalā Highway Property because they obtained a judgment against the Bradys and recorded the judgment in the Bureau of Conveyances on February 6, 2013. Further, as recognized by the Supreme Court of New Jersey, "a judgment lien is a property interest subject to due-process protections." New Brunswick Sav. Bank v. Markouski, 587 A.2d 1265, 1270, 1275 (N.J. 1991) (concerning a statute providing that a docketed judgment is a lien on all real property held by the judgment debtor in the state, and holding that the judgment creditor was entitled to actual notice of execution sale in accordance with due process); see also In re Upset Sale, Tax Claim Bureau of Berks County, 479 A.2d 940, 944 (Pa. 1984) (holding that a judgment lien was a protectable property interest). We thus conclude that the Winn Parties have a property interest that entitled them to notice consistent with due process.

Moreover, the Winn Parties were listed in the Status Report regarding title for the Haleakalā Highway Property as creditors of the Bradys based on the recorded Winn Judgment. The Status Report was attached to the Spence First Alias Writ of

Execution. Thus, the Spences knew or reasonably should have known that the Winn Parties had a judgment lien on the property.

### 2. Posting of written notice was insufficient to satisfy the Winn Parties' due process right as known lienholders

Here, the Spences gave notice of the execution sale by posting written notice pursuant to HRS § 651-43.  As to whether such notice satisfies due process for a known lienholder, the United States Supreme Court has established the general rule that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (citations omitted) (concluding that a state statute permitting notice by publication alone to trust beneficiaries whose names and addresses were known did not satisfy constitutional due process).

> The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

Id. at 315 (citations omitted); see also Cate v. Archon Oil Co., Inc., 695 P.2d 1352, 1355 (Okla. 1985) ("Notice by publication and by posting are designed primarily to attract prospective purchasers, and are unlikely to reach those who have an interest in the property.").

The Mullane due process principle has also been applied in Hawaiʻi.  In Freitas v. Gomes, 52 Haw. 145, 472 P.2d 494 (1970), the Hawaiʻi Supreme Court cited Mullane in stating "[p]rocedural due process requires that, under all the circumstances, notice must be reasonably calculated to apprise interested [parties] of the pendency of any proceeding which is to be accorded finality."  Id. at 152, 472 P.2d at 498.  The Hawaiʻi Supreme Court concluded that a statute only requiring notice by publication for a proceeding to administer an estate

10

and distribute property was "constitutionally insufficient by itself because it was not supplemented by notice by mail or personal service."  Id. at 151-52, 472 P.2d at 498-99.  The court held that:

> notice of the pendency of a proceeding in the administration of an estate which affords finality to a decree of distribution must, in addition to being published as required by the statute be mailed, where the names and addresses of interested persons are known, or by reasonable diligence can be ascertained by executors or administrators, unless notice is otherwise personally served.

Id. at 152, 472 P.2d at 499 (emphasis added).

Although no Hawaiʻi case has explicitly applied this due process principle to a real property execution sale by a judgment creditor,[11] the Hawaiʻi Supreme Court, in Freitas, noted that:

> In addition to Mullane the United States Supreme Court has held that a standard of reasonable diligence is required in seeking out interested parties in the following cases. Bank of Marin v. England, 385 U.S. 99 (1966) (bankruptcy); Walker v. City of Hutchinson, 352 U.S. 112 (1956) (resident property owners in eminent domain proceedings); Covey v. Town of Somers, 351 U.S. 141, 146 (1956) (tax foreclosure against property of an incompetent who had no guardian); City of New York v. New York, N.H. & H.R.R., 344 U.S. 293, 296 (1953) (creditors in bankruptcy proceeding) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice.  Its justification is difficult at best."); Standard Oil v. New Jersey, 341 U.S. 428 (1951) (escheat).
>
> This court alluded to a requirement of personal notification whenever possible in In re Complaint of Vockrodt, 50 Haw. 201, 206 n.7, 436 P.2d 752, 755 n.7 (1968) citing Mullane, supra [339 U.S.] at 313.

Id. at 152 n.4, 472 P.2d at 498 n.4 (format altered).

Furthermore, the Oklahoma Supreme Court has explained that:

> Theoretically, publication may be available for all the world to see, but it is presumptuous to suppose that anyone could read all that is published to see if something may be reported which affects his/her property interest.  Exclusive reliance on an inefficacious means of notification cannot be permitted under the Mullane doctrine — neither necessity nor efficiency can abrogate the rule that, within the limits of practicability, notice must be reasonably calculated to reach the interested parties.  If the names of those affected by a proceeding are available, the reasons

---

[11]  In Klinger v. Kepano, 64 Haw. 4, 13-16, 635 P.2d 938, 944-46 (1981), the Hawaiʻi Supreme Court applied Mullane narrowly to a tax lien foreclosure case.

11

> disappear for resorting to means less likely than the mails to apprise them of the pending sale.  Mail service can be utilized as an inexpensive and efficient mechanism to enhance the reliability of the otherwise unreliable procedure of notice by publication.

Cate, 695 P.2d at 1356 (emphasis added) (citing Greene v. Lindsey, 456 U.S. 444, 455 (1982); Schroeder v. City of New York, 371 U.S. 208, 213 (1962); Mullane, 339 U.S. at 318-20) (holding that the execution sale of an oil and gas lease by a judgment creditor violated due process because notice was by publication under state statute, but debtor as well as any other persons with a reasonably known security interest in the lease was entitled to proper notice reasonably calculated to reach them).

In light of the relevant authority from the U.S. Supreme Court, the Hawaiʻi Supreme Court, and other persuasive authorities considering due process in the context of affecting a property interest, we adopt the rule established in Mullane and its progeny with respect to execution sales by judgment creditors.[12]  See e.g., Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 797-98 (1983) (extending due process principle in Mullane to a mortgagee for purposes of a tax sale); Walker, 352 U.S. at 115-17 (applying Mullane to condemnation proceeding where city knew name of land owner but only provided publication notice).  In other words, for purposes of execution sales by judgment creditors, we hold that due process requires notice reasonably calculated to reach lienholders of the subject property, to inform them of the execution sale and allow them an opportunity to object, notwithstanding the limited notice required under HRS § 651-43.  See Mullane, 339 U.S. at 314, 317-18; see also In re Vockrodt, 50 Haw. at 205 n.5, 436 P.2d at 755 n.5 (resorting to publication notice is permissible where it is not reasonably possible or practicable to give more adequate notice, such as when a person is missing or unknown (citing Mullane, 339 U.S. at 317)).

---

[12]  The Spences argue that affording the Winn Parties actual or personal notice conflicts with HRS § 651-43.  However, the Hawaiʻi Supreme Court has recognized that "historical procedures must yield to changing concepts of fairness which the due process clause requires."  Freitas, 52 Haw. at 152, 472 P.2d at 498-99.

Extending <u>Mullane</u> to this case, an interested party, *i.e.,* a party with a protected property interest at stake, must be identified. <u>See</u> 339 U.S. at 313. Next, <u>Mullane</u> recognizes personal service is not required in all circumstances. <u>Id.</u> at 314. However, where interested parties are identifiable, "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance[.]" <u>Id.</u> (citations omitted). Specifically, "[w]here the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." <u>Id.</u> at 318; <u>cf.</u> <u>Schroeder</u>, 371 U.S. at 212-13 ("The general rule that emerges from the <u>Mullane</u> case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question.").

Here, due process principles required the Spences to provide the Winn Parties with personal notice of the execution sale. The Winn Parties had a protected property interest in the Haleakalā Highway Property because the Winn Judgment against the Bradys was recorded and thus the Winn Parties had a judgment lien on the property. Further, the Spences were aware, or should have been aware, of the Winn Parties' recorded judgment lien based on the Status Report regarding title for the Haleakalā Highway Property. Winn also submitted a declaration attesting that Beverly had called him multiple times prior to the execution sale, and that the Spences knew about the Winn Judgment, knew that it had been recorded, and knew that it was a lien on the Haleakalā Highway Property. Winn further attested the Spences knew his telephone number and other information by which they easily could have contacted him.[13] The Spences do not dispute these assertions in Winn's declaration. Thus, the Winn Parties

---

[13] The record also establishes that Winn was president of Westminster Realty, Inc.

were entitled to personal notice of the execution sale because Winn's identity was known and his personal contact information was known and/or ascertainable through reasonable diligence by the Spences.

### 3. The notice requirements in HRS § 651-43 exist separate and apart from procedural due process notice requirements

Pursuant to this court's Order Regarding Rule 44 of the Hawaiʻi Rules of Appellate Procedure, filed on September 5, 2023, the Attorney General of the State of Hawaiʻi (**Attorney General**) submitted an amicus curiae brief (**Amicus Brief**) in response to this court's suggestion that "the Appellants' arguments appear to call into question the constitutionality of HRS § 651-43 (2016)[] for not meeting due process requirements with respect to the execution sale that is the subject of this appeal."

In its Amicus Brief, the Attorney General asserts that the constitutionality of HRS § 651-43 is not at issue because (1) Winn does not challenge the constitutionality of the statute, (2) HRS § 651-43 remains valid regardless of whether a judgment lien creates a property right for purposes of due process, and (3) the form of notice required is dependent on the specific circumstances of each case.

We agree that Winn does not expressly challenge the constitutionality of HRS § 651-43 and that the posting and advertisement requirements in HRS § 651-43 serve purposes separate and apart from notifying individual parties that may have property interests in the property to be sold, such as advertising the sale to the general public.  HRS § 651-43 does not preclude other and additional forms of notice that may, in certain circumstances, be necessitated by procedural due process. Therefore, we conclude the posting and advertisement requirements in HRS § 651-43 and the specific notice required by due process are separate considerations, and we need not address the constitutionality of HRS § 651-43.

### B. The Winn Parties' Junior Position Did Not Affect Their Entitlement to Notice

Besides challenging the Winn Parties' entitlement to personal or actual notice as lienholders for the Haleakalā Highway Property, the Spences assert the Winn Parties were not entitled to notice given their junior lienholder status. The Spences point out that their judgment against Brady was recorded almost two years before the Winn Parties recorded their judgment against Brady. Further, the Spences note that HRS § 651-41 (2016)[14] provides priority in levying to writs of execution "according to the order of time in which they are received[,]" such that their writ of execution had priority. The Spences ultimately contend that once they executed on their senior lien on the Haleakalā Highway Property, the junior lien held by the Winn Parties was extinguished.

With respect to notice, however, a junior lien does not make a creditor any less worthy of constitutional due process prior to an execution sale. Under the principles set out by the U.S. Supreme Court in Mullane, due process requires notice to "interested parties." 339 U.S. at 314. In Freitas, addressing notice to beneficiaries of an estate, the Hawaiʻi Supreme Court applied Mullane and stated that "[a] requirement that there be a reasonable probability that all interested parties are noticed of the pendency of a proceeding accorded finality does not breach the 'limits of practicality' cautioned by Mullane . . . by increasing delay and cost." 52 Haw. at 152, 472 at 499 (emphasis added) (citation omitted). In Cate, the Supreme Court of Oklahoma dealt with a sheriff's sale and expressed that the "debtor, as well as any other persons who have a security

----

[14]   HRS § 651-41 provides:

> **Priority in levying.** Every officer receiving a writ of execution issued in due form by any court or judge, shall note thereon the day and hour of its receipt, and the officer shall give priority in levying upon property of the defendant in execution, to the writs received by the officer according to the order of time in which they are received.

interest in the property must be notified properly of even a possible sale."  695 P.2d at 1355 (emphasis added).

The decision by the Supreme Court of New Jersey in Markouski is particularly instructive.  There, the court discussed the rights of a nonlevying judgment creditor, similar to the Winn Parties in this case.  587 A.2d at 1275-77.  The court recognized that "a judgment lien is a property interest subject to due-process protections[,]" where under New Jersey law "a judgment creditor's interest in the property is created on the docketing of a lien."  Id. at 1275.  The court also noted that:

> when a nonlevying judgment creditor is notified of an execution sale, it can protect itself by bidding at the sale.  Notice additionally benefits both the levying creditor and the judgment debtor by potentially making the bidding more competitive.

Id.  The court also noted that, under New Jersey law, "the levying creditor is still rewarded for its diligence by gaining priority over the nonlevying creditor in the distribution of the proceeds of the sale."  Id. at 1276.  Given these circumstances, the court held that "a levying creditor must provide actual notice of an execution sale to judgment creditors whose names and addresses are reasonably ascertainable."  Id. at 1277 (emphasis added).

Contrary to the Spences arguments in this case, Markouski expressly recognized that a nonlevying judgment creditor is entitled to notice consistent with due process, even though the levying judgment creditor had a senior position.  This is consistent with the principle in Mullane and its progeny that "interested parties" are entitled to proper notice.

The Spences rely on two cases that are distinguishable.  First, they cite Belden v. Donohue, 325 S.W.3d 515, 519 (Mo. Ct. App. 2010), where the court held "no statute or rule requires that notice of a Sheriff's sale be provided to other lienholders, especially those whose interests are junior to the interest which is the catalyst for the Sheriff's sale."  Second, they cite Camp Finance, LLC v. Brazington, 135 P.3d 946, 950 (Wash. Ct. App. 2006), where the court determined that a statute requiring a

judgment creditor to provide notice of an execution sale only to a judgment debtor excluded notice to junior lienholders. Both <u>Belden</u> and <u>Camp Finance</u> are unhelpful, however, because neither address notice required under due process principles. In this case, to the contrary, the Winn Parties expressly challenged the lack of notice based on due process grounds in the Circuit Court and in this appeal.

We thus conclude that the Winn Parties' junior lienholder status did not affect their entitlement to notice consistent with due process.

### IV. Conclusion

Based on the above, we vacate the "Order Granting Intervenors James E. Spence, Beverly C. Spence, Stephen R. Spence, and Valorie A. Spence's Motion for Reconsideration of Order Granting Judgment Creditors Peter J. Winn and Westminster Realty, Inc.'s Ex Parte Motion for First Alias Writ of Execution," filed on October 11, 2017. We remand this case to the Circuit Court of the Second Circuit for further proceedings consistent with this opinion.

On the briefs:

Lance D. Collins,
Law Office of Lance D. Collins,
for Plaintiffs-Appellants

Stephen R. Spence and
Valorie A. Spence,
Self-represented
Intervenors-Appellees

Joseph A. Stewart,
Aaron R. Mun,
Kobayashi Sugita & Goda, LLP,
for Intervenors-Appellees
James E. Spence and
Beverly C. Spence

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge